WESTERN DIST.
*Oct.* 1838.

REYNOLDS'
TUTOR
*vs.*
REYNOLDS'
ADMINISTRATOR

|12L 617|
|46  634|

REYNOLDS' TUTOR *vs.* REYNOLDS' ADMINISTRATOR.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF RAPIDES.

After judgment by default, which is equivalent to issue joined, it is too late to take an exception to the capacity of the plaintiff to sue.

So, where the defendant acknowledged service of the plaintiff's petition, and filed an answer to the merits, and rendered his account as administrator, it is a waiver of service of citation, and he cannot afterwards except for want of such service, and of proof of the plaintiff's capacity to sue.

This is an action, in which the plaintiff alleges he is the natural tutor of his minor child, and calling on the defendant, who is the administrator of his deceased wife, to render an account of his administration, to deliver over certain notes, and a slave; and pay up any balance of moneys, both principal and interest remaining in his hands belonging to said minor.

The probate judge, on this petition, ordered the defendant to render his account in court.

The defendant accounted, and put in an answer to the merits.

WESTERN DIST.

Oct. 1838.

REYNOLDS'
TUTOR
vs.
REYNOLDS'
ADMINISTRATOR

· Upon these pleadings judgment was rendered, ordering the defendant to deliver up the slave and the notes specified, from which judgment he appealed, after an unsuccessful attempt to obtain a new trial.

*Hyams,* for the plaintiff.

*Winn, contra.*

*Carleton, J.,* delivered the opinion of the court.

The plaintiff, who is the natural tutor of his minor child, has instituted this action to compel the defendant to render an account of his administration, of the succession of the mother of the said minor, and to deliver up a slave with certain promissory notes, which it is alleged he illegally withholds.

Service of the petition was acknowledged on the 25th June, 1836, and on the 12th of December thereafter, the judge gave an order, requiring the administrator to render his account on the 1st of January, 1837.

There was a judgment by default, and another order to account in March, 1837; and in April, 1837, a judgment requiring the defendant to deliver up the slave and notes mentioned in the petition.

The defendant then filed his answer and account, and on the 6th of June, 1837, the court rendered another judgment, homologating his account, and the defendant appealed.

It appears that after the rendition of the judgment by default, the defendant moved for a new trial, principally on two grounds, which are now again insisted upon before this court, as cause for the reversal of the judgment below.

1st. There is no evidence that John A. Reynolds is tutor of the minor.

2nd. That there was no citation served upon the defendant.

We think both of these objections altogether untenable.

A judgment by default is equivalent to issue joined, after which it is too late to take exception to the capacity of the plaintiff to sue, and the defendant having acknowledged

*After judgment by default, which is equivalent to issue joined, it is too late to take au exception to the capacity of the plaintiff to sue. So, where the defendant acknowledged service of the plaintiff's petition, and filed an answer to the merits, and rendered his account as administrator,*

service of the petition, is surely a waiver of service of citation, or it can have no meaning at all; moreover, the defendant filed his answer to the merits, and rendered his accounts without insisting on either of the exceptions here taken.

We do not perceive any error in the judgment of the court below, and think it ought to be affirmed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.

