172 So. 516

**BIENVENUE v. BIENVENUE.**

No. 34032.

Feb. 1, 1937.

Lubin F. Laurent, of New Orleans, for appellant.

Harold J. Moore, of New Orleans, for appellee.

FOURNET, Justice.

The defendant wife, against whom a decree of divorce had been granted solely on the ground of four-year separation, alleged that she was not at fault in causing the separation and was in necessitous circumstances, and that her divorced husband should be condemned to pay her alimony at the rate of $10 a week.

In response to the rule nisi, defendant filed exceptions of no cause or right of action on the following grounds: (1) That the judgment of divorce does not provide for the payment of any alimony; (2) that at the time of the rendition of the judgment of divorce there was no law authorizing alimony in favor of the wife against whom a decree of divorce had been rendered; and (3) that unless a rule for alimony is incidental to the main demand, the summary proceeding was unauthorized.

After due hearing, the trial court rendered judgment, ordering defendant in rule to pay his divorced wife alimony in the sum of $3.50 per week from the date of the judgment, which was rendered on December 12, 1935. He has appealed.

Alimony pendente lite was granted to the defendant wife at the rate of $6 a week, but she made no further appearance, nor did she make any defense, and, consequently, the trial judge did not incorporate in the decree of divorce any provi-

sion for permanent alimony. But her attorney contends that since the judgment granting the alimony pendente lite was not modified or set aside by the final judgment of divorce, the former is in full force and effect and enforceable.

 This contention is without merit because alimony pendente lite is authorized by article 148 of the Civil Code, as amended by Act No. 130 of 1928, "if the wife has not a sufficient income for her maintenance *pending the suit * * * for divorce*," and necessarily the judgment granting alimony pendente lite ceases to have any effect when a final judgment of divorce is rendered in the case. (Italics ours.) Bowsky v. Silverman, 184 La. 977, 168 So. 121.

This court, in the case of Player v. Player, 162 La. 229, 110 So. 332, speaking of article 160 of the Revised Civil Code, said:

"The language of this article is clear and free from all ambiguity as to the right of 'the wife who has obtained the divorce' to claim alimony from her former husband, if she has not sufficient means for maintenance.

"Necessarily, the article applies to cases where the relation between husband and wife has been terminated by final judgment of divorce, and the suit has ended. *To claim alimony in such a case as an incidental demand is not legally possible, and a separate suit ex rei necessitate is the only procedure by which the wife who has obtained the divorce can assert and enforce her right to the alimony which may be due her. * * ***

"It is clear, * * * from its plain and unmistakable language, that its purpose was to allow alimony to the wife obtaining the divorce, after the dissolution of the marriage, and *to permit the recovery of such alimony by the former wife in a separate suit.*" (Italics ours.)

Article 160 of the Code has been amended and reenacted, first by Act No. 21 of 1928, and later by Act No. 27 of the Second Extra Session of 1934, so as to provide:

" * * * That in cases where, under the laws of this State a divorce is granted solely on the ground that the married persons have been living separate and apart for a certain specified period of time, and the husband has obtained a divorce upon the ground of such living separate and apart, and the wife has not been at fault, then the Court may allow the wife in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income."

 "It is the well-settled jurisprudence of this state that 'the right to summary proceedings cannot be extended beyond the cases expressly authorized by law.' Succession of Jamison, 108 La. 279, 32 So. 381, 382." Succession of Esteves, 182 La. 604, 162 So. 194.

 We are therefore of the opinion that the summary proceeding employed in this case is unauthorized and the exceptions of no cause or right of action should have been sustained by the trial judge.

For the reasons assigned, the judgment of the district court is annulled and set aside, and the rule nisi is dismissed at the cost of plaintiff in rule.