For the reasons assigned, this appeal is dismissed.

**179 So. 60**

**GENNUSA v. GENNUSA.**

**No. 34597.**

Feb. 7, 1938.

James G. Schillin, of New Orleans, for appellant.

Henry E. Fallon, of New Orleans, for appellee.

PONDER, Justice.

This is an appeal from a judgment dismissing a suit for divorce.

On March 24, 1937, Mrs. Veronica Catchot Gennusa instituted the instant suit against Frank Gennusa for a divorce alleging that both plaintiff and defendant were residents of the parish of Orleans and that they had lived separate and apart for more than five years. This suit was instituted under the provisions of Act No. 31 of 1932.

The defendant, Frank Gennusa, interposed by way of exception and plea of res judicata a judgment of divorce rendered in his favor and against the plaintiff in the Twenty-fifth judicial district court for the parish of St. Bernard on

February 15, 1937, in suit No. 2030 entitled Frank Gennusa v. Veronica Catchot, his wife. The plaintiff, Mrs. Veronica Catchot Gennusa, in answer to the exception and plea of res judicata, alleges that she and the defendant, Frank Gennusa, were both residents of the parish of Orleans at the time the judgment was rendered and that she was not served with any citation as required by law, which service of citation was essential to give the court jurisdiction. She further alleged that the district court of St. Bernard parish was without jurisdiction ratione personae or ratione materia to hear and determine the cause. The exception and plea were tried May 6, 1937, and the court rendered judgment dismissing plaintiff's suit on June 21, 1937, from which judgment the plaintiff prosecutes this appeal.

Plaintiff contends that the notation on the face of the petition in the suit in St. Bernard parish, "Service accepted. All rights reserved. Mrs. Frank Gennusa, defendant," did not constitute a waiver of citation and did not submit her to the jurisdiction of that court ratione personae. The plaintiff does not dispute having signed the acceptance of service.

In the case of Reynolds' Tutor v. Reynolds' Adm'r, 12 La. 617, this doctrine is laid down, "the defendant having acknowledged service of the petition, is surely a waiver of service of citation, or it can have no meaning at all."

It is contended that the district court for the parish of St. Bernard at the time the judgment was rendered did not have jurisdiction ratione personae or ratione materia. That judgment was rendered in a suit brought under the provisions of Act No. 31 of 1932. Upon examination of this act we find that it provides, "Either party to the marriage contract may sue, in the courts of his or her residence within this State, provided such residence shall have been continuous for the period of four years." Section 1. On the face of the records of the suit in St. Bernard parish there is nothing to show that that court did not have jurisdiction. The plaintiff is seeking to have the judgment rendered in St. Bernard parish declared a nullity. If we were to concede that plaintiff had the right to attack the judgment of St. Bernard parish in these proceedings, we could not under the evidence in this case grant the relief sought. The lower court in its reasons for judgment was of the opinion that the plaintiff was a resident of St. Bernard parish and had voted in St. Bernard parish, but that the evidence was uncertain as to the time of his residence. The only evidence offered in this proceeding was the cross-examination of the defendant, the testimony of plaintiff's mother, and the testimony of plaintiff's aunt. The testimony of plaintiff's mother was to the effect that defendant never lived in St. Bernard parish, but lived in Orleans parish on Ursuline street, and when he was not living on Ursuline street he lived on Dumaine street. On cross-examination she testified that she had not seen the defendant in five years. The plaintiff's aunt

testified that the defendant always lived on Ursuline street. She also testified that defendant sometimes told her he lived on Ursuline street and sometimes told her he lived on Dumaine street. From an analysis of the testimony of plaintiff's mother, it would appear that she was not testifying from her own knowledge. From analysis of the testimony of plaintiff's aunt, it would appear that she was not testifying from her own knowledge but from statements made by the defendant as to his residence. The defendant on cross-examination testified that he had no regular home and that he worked from place to place. He testified that sometimes he would spend a day or two on Ursuline street and he would spend awhile with his sister on Orleans street. He testified that he registered and voted in St. Bernard parish in 1928. He testified that his residence was in St. Bernard parish. From an analysis of all of his testimony, it would appear that his residence was in St. Bernard parish. The evidence as a whole tends to show that the plaintiff was a resident of St. Bernard parish at the time the judgment was rendered. The proceedings in St. Bernard parish on their face show that the court had jurisdiction.

To say the least, the plaintiff has not borne the burden of proving that the district court of St. Bernard parish was without jurisdiction to render the judgment.

For the reasons assigned, the judgment is affirmed at appellant's cost.

HIGGINS, J., absent.