188 So. 41

**BIENVENUE v. BIENVENUE.**

No. 35062.

March 6, 1939.

Rehearing Denied April 3, 1939.

Lubin F. Laurent, of New Orleans, for appellant.

Porteous, Johnson & Humphrey, of New Orleans, for appellee.

O'NIELL, Chief Justice.

The defendant is appealing from a judgment ordering him to pay $25 a month alimony to his divorced wife. The suit was filed under the title and docket number of the suit in which the husband obtained the divorce. The ground for the divorce was that the husband and wife had been living separate and apart from each other for a period exceeding four years. The wife allowed the judgment of divorce to go against her by default. The husband was ordered to pay and did pay alimony pendente lite at the rate of $6 per week. But the judge did not provide for alimony in the decree granting the divorce. After the decree had become final the wife proceeded by way of a rule to show cause why the ex-husband should not be ordered to pay alimony at the rate of $10 per week. She obtained a judgment for alimony at the rate of $3.50 per week; but the husband appealed from the judgment, and on the appeal urged an exception, which he had urged unsuccessfully in the civil district court, to the effect that the wife should have proceeded by way of an ordinary suit—by petition and citation—and not by the summary process, as if in the divorce suit, which had been disposed of finally. This court sustained the exception and dismissed Mrs. Bienvenue's rule nisi. See Bienvenue v. Bienvenue, 186 La. 429, 430, 172 So. 516. Thereafter, Mrs. Bienvenue brought this suit, which is merely a renewal by the ordinary process of the demand which she made originally by the summary process. The fact that this suit bears the title and number of the divorce suit is of no importance, because the suit is in fact a new suit, brought by petition and citation, and giving the ordinary allowance of time for answering.

Article 160 of the Civil Code, as amended by Act No. 27 of the Second Extraordinary Session of the Legislature of 1934, provides:

"If the wife who has obtained the divorce has not sufficient means for her maintenance, the Court may allow her in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income; provided, however, that in cases where, under the laws of this State a divorce is granted solely on the ground that the married persons have been living separate and apart for a certain specified period of time, and the husband has obtained a divorce upon the ground of such living separate and apart, and the wife has not been at fault, then the Court may allow the wife

in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income.

"This alimony shall be revocable in case it should become unnecessary, and in case the wife should contract a second marriage."

On the trial of this suit the wife testified that her husband was at fault in the matter of provoking the quarrels which resulted in his leaving the matrimonial domicile and never returning. The attorney for the husband objected to the testimony on the ground that the wife did not allege in her petition that there was any fault on the part of her husband, but alleged merely that she was not at fault in the matter of her husband's living separate and apart from her. The judge overruled the objection to the testimony. The attorney for the husband reserved a bill of exceptions to the ruling, and is urging the objection here in support of his appeal. We find it unnecessary to decide whether the allegation in the petition of the wife, that she had not been at fault in the matter of her husband's living separate and apart from her, was a sufficient allegation in that respect; and we find it unnecessary to decide, from the testimony in the case, whether the wife should be blamed for the quarrels which resulted in the husband's abandoning and remaining away from the matrimonial domicile. It is true that in the husband's answer to this suit for alimony he alleged that his leaving his wife and living separate and apart from her for four years was caused by her fault. But, in the former proceeding, in his response to the rule to show cause why he should not pay alimony, he did not set up, as a defense to the claim for alimony, that his wife was at fault, but urged three other reasons for his denial that his wife was entitled to a judgment for alimony. See Bienvenue v. Bienvenue, 186 La. 429, 430, 172 So. 516. And, on the trial of that proceeding, the husband testified that the separation for which he had obtained the divorce "was by mutual agreement." He testified that, after a quarrel in which his wife threw an alarm clock at him, "we agreed to disagree, and it was a mutual agreement that I [should] leave." Then his attorney asked him if the quarrel which had resulted in his leaving the matrimonial domicile was caused by his fault "in any way", and the judge interposed the objection that the witness had admitted that his separating from his wife was by mutual agreement. The judge then asked Mr. Bienvenue: "Is that right?" and he answered: "That is right." Then the attorney for Mrs. Bienvenue began the cross-examination of Mr. Bienvenue, as to whose fault brought on the quarrels between him and his wife; but the judge insisted that Mr. Bienvenue's admission had made it unnecessary to go into the question whether his wife was at fault in the matter of his leaving the matrimonial domicile and never returning. The attorney for Mrs. Bienvenue announced that he had other witnesses whom he would call to the witness stand if the court intended to consider the question whether the separation was the consequence of any fault on the part of Mrs. Bienvenue. But

the judge adhered to his ruling that Mr. Bienvenue's admission had obviated the necessity for any such testimony; and Mr. Bienvenue acquiesced in the ruling. On the trial of the present suit Mr. Bienvenue testified that his wife was at fault in the quarrels which caused the separation, and particularly in the final quarrel in which she threw the alarm clock at him. On the other hand the evidence shows that there was strong provocation for Mrs. Bienvenue's loss of temper. On that subject, however, we rest our decision largely upon the judicial admission of Mr. Bienvenue that his leaving the matrimonial domicile and never returning was by mutual consent; which was an admission, virtually, that Mrs. Bienvenue was not "at fault", in the meaning of Act No. 27 of the Second Extraordinary Session of 1934.

Mr. Bienvenue denies that his wife has not sufficient means for her maintenance; but the evidence leaves no doubt that she has not sufficient means for her maintenance. At the time of the trial of this suit she was operating a rooming house, from which she was making a net profit of $8 per month. Mr. Bienvenue was earning then a salary of $150 per month; but the evidence shows that the conditions were such that he was not able to pay alimony at the rate of $25 per month. It is of no advantage to a divorced woman to have the ex-husband condemned to pay alimony at a rate higher than he can pay. We have concluded therefore to reduce the alimony to $17 per month. In her petition Mrs. Bienvenue asked to have the payments commence on the date of the decree of divorce, December 12, 1935; but, in the decree rendered in this suit, the judge did not say when the payments should commence. Hence we construe this decree to mean that the payments should commence from the date of the decree rendered in this suit, February 24, 1938. The record shows that Mr. Bienvenue continued for a considerable time after the divorce was granted to pay the alimony which he had been ordered to pay pendente lite. Perhaps that is the reason why the judge did not allow any past-due alimony in the decree which he rendered in this suit. We are not asked to amend the decree in that respect, and have no authority to amend it, to the advantage of the appellee, because she has not answered the appeal.

The judgment is amended by reducing the alimony from $25 to $17 per month, commencing on the date of the judgment, February 24, 1938; and as thus amended the judgment is affirmed.