ROGELIO RODRÍGUEZ MOLINA, Petitioner, v. THE DISTRICT COURT OF SAN JUAN, HON. A. R. BARCELÓ, JUDGE, Respondent.

No. 1856. Argued July 12, 1950.—Decided July 28, 1950.

*Benicio Sánchez Castaño* and *R. Rivero Cervera* for petitioner.
*Jorge F. Romany* and *A. Ortiz Toro* for intervener, plaintiff
in the main action.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

We issued a writ of certiorari in the present case in order to review an order rendered by the District Court of San Juan on May 8, 1950, by virtue of which the petitioner herein was ordered under penalty of contempt, to continue depositing with the Clerk of said court the sum of $108 for support of his ex-wife and two minor daughters, notwithstanding the fact that a final and unappealable judgment had been rendered in a divorce suit where said allowance had been fixed as provisional support for plaintiff's wife and her daughters. The facts are as follows:

Eusebia Carrión filed a divorce suit against Rogelio Rodríguez requesting at the same time provisional support for herself and her two daughters which after several hearings was fixed at $25 a week by a decision rendered on April 22, 1949. The divorce was granted on March 15, 1950 and no provision was made as to permanent support. On April 26, 1950, when the divorce decree had become final and unappealable, plaintiff filed a motion for contempt in which she

stated that defendant had refused to pay her two daughters the sum fixed for support by the decision of April 22, 1949 and that he owed the months of March and April, 1950. After a hearing on May 8, 1950, the lower court issued an order on the same date directing the defendant to deposit the $200 for support which he owed. It modified the decision of April 22, 1949 and fixed the allowance at $108 a month to be deposited with the Clerk of said court in advance monthly payments for the benefit of the mother and her two daughters.

Petitioner alleges that the lower court erred in "deciding that the provisional support which was granted to Eusebia Carrión and her daughters on April 22, 1949, within the divorce suit pursuant to § 100 of our Civil Code, remained in force after the case was decided and the judgment had become final and unappealable although the court did not make any provision in the final judgment rendered, concerning the future support for the ex-wife and her daughters." He is partly correct, in our opinion.

Section 100 of the Civil Code, 1930 ed. provides among the provisional measures which may be taken during the pendency of a divorce suit that "If the wife have not sufficient means to provide for her maintenance during the suit, the district court shall ordered the husband to pay her a sum for her separate maintenance in proportion to his means."

We have decided, nevertheless, that the alimony assigned by the court to the wife, upon the institution of a divorce suit, is a temporary measure which must cease as soon as the case is determined by a final judgment. *Frau* v. *Canals*, 4 P.R.R. 389 (1st ed.), 205 (2d ed.) ; *Auge* v. *Solosse*, 31 P.R.R. 832; *cf. Vilaró* v. *Puig*, 59 P.R.R. 577. The same has been decided in Louisiana interpreting § 148 of the Civil Code of said state.[1] *Bienvenue* v. *Bienvenue*, 172 So. 516 (La. 1937) and cases cited therein.

---

[1] Section 100 of our Civil Code was taken from § 148 of the Louisiana Code. See *Anotaciones al Código Civil de Puerto Rico*, Book 1, by Luis Muñoz Morales, pp. 283, 287.

■ The case of *López* v. *Benítez*, 64 P.R.R. 270, cited by intervener is easily distinguishable and inapplicable to the case at bar. It dealt with an allowance for the support of minor children exclusively, and not for the mother and the children as in the present one and we decided that the court under the power of *parens patria* retained jurisdiction to increase or reduce the allowances for the support of the children, after entering a decree of divorce which subsequently becomes final.

■ In the present case the difficulty lies in the fact that since the court had not determined which portion of the $108 a month (or $25 a week) belonged to the mother as provisional support, we are unable to decide, as the intervener asks us, that two-thirds be assigned to the daughters and as modified to affirm the order appealed from. This is a duty which belongs to the lower court.

Consequently, the order appealed from will be set aside and the case remanded for further proceedings.