LANDRY, Judge.
This is an ancillary proceeding by plaintiff-wife against defendant-husband, instituted by rule in pursuance of the authority contained in LSA-C.C.P. Article 3945, to make executory a judgment for alimony allegedly past due and unpaid. The reputed judgment debtor, defendant-in-rule, filed an exception of “no right and no cause of action” which was sustained by the learned trial court. From this adverse determination, plaintiff has appealed.
Appellee’s aforesaid exception is based on a judgment of divorce obtained by him in Orleans Parish antecedent to the judgment .obtained by appellant in Terrebonne Parish and poses as the primary question the effect of appellee’s prior judgment upon the validity of the Terrebonne Parish judgment which is the basis of appellant’s present demand. Certain other incidental issues are presented as will hereinafter appear.
A chronology of the events leading to the present litigation is believed helpful to a clear understanding of the issues herein presented for resolution.
Appellant and appellee were married in St. Mary Parish, Louisiana, on October 19, 1944. On November 2, 1955, defendant-ap-pellee filed suit in the Civil District Court, Orleans Parish, praying for a judgment of divorce from appellant on the ground of two years separation. Final judgment was rendered in this proceeding on November 22, 1955, granting the plaintiff therein (defendant in the present proceeding) a final divorce and awarding custody of the minor child of the marriage, Michael Freeman, to defendant therein (plaintiff in the present matter).
Subsequently, on March 7, 1956, appellant, Mrs. Alcide Relia Barr, filed suit for divorce in the Seventeenth Judicial District Court, Terrebonne Parish, on the ground that more than one year had elapsed since February 25, 1955, on which date she was granted a judicial separation from her said husband. On April 6, 1956, the Seventeenth Judicial District Court rendered judgment in favor of plaintiff-wife dissolving the bonds of matrimony between the parties, granting Mrs. Freeman custody of the minor child of the marriage and awarding her alimony in the sum of $150.00 monthly.
The present rule to make the aforesaid alimony judgment executory was filed May 6, 1963, and set for trial May 24, 1963. On May 22, 1963, two days before trial of the rule, defendant filed answer thereto and on the day of the hearing, May 24, 1963, with leave of court filed a pleading entitled “Exception of No Cause and Right of Action” setting forth the following:
“L
“Exceptor avers that a final judgment of divorce was rendered in fa *651 vor of Irving Joseph Freeman, defendant in rule, on November 22nd, 1955; that the marriage existing between the parties was terminated fully, finally and completely; that the filing of the above styled matter by plaintiff in rule, which was a petition for divorce on March 7th, 1956, was without any legal effect.
“2.
“Exceptor further avers that no claim was made by plaintiff in rule for alimony and/or support in said original judgment of divorce; that the matter was adjudged and no longer was said issue before the Court; and that, therefore, this rule for alimony should be dismissed, at the cost of plaintiff.
“WHEREFORE, Exceptor prays that this, his exception be deemed good and sufficient; and that after due hearing is had, there be judgment herein in favor of Irving Joseph Freeman dismissing the claim of Alcide Relia Barr, with prejudice, and at her cost.”
The minutes of the trial court for May 24, 1963, state that defendant’s exception was filed before the hearing of plaintiff’s rule and thereupon taken up for argument following which the court continued the rule pending submission of memorandums of authorities by counsel for both parties. While the minute entry appears to indicate no evidence was adduced, the district court’s reasons for judgment show that at least the parties themselves testified. In addition the record contains an exhibit, hereinafter discussed in more detail, bearing the endorsement of the Clerk of Court indicating it was filed in evidence on May 24, 1963. From the foregoing we conclude evidence was received before appellee’s exception was argued and submitted.
At the outset we note appellee’s exception was not an exception of no right of action inasmuch as it does not suggest appellant’s want of interest in the subject matter of the litigation and neither does it question plaintiff’s capacity or right to sue or stand in judgment. The difference between the exception of no right of action and that of no cause of action was pointed out by the Supreme Court in Roy O. Martin Lumber Co. v. Saint Denis Securities Co., 225 La. 51, 72 So.2d 257, as follows:
“ * * * Generally speaking, an exception of no right of action serves to question the right of a plaintiff to maintain his suit, i. e., his capacity to sue or his interest in the subject matter of the proceeding, whereas an exception of no cause of action addresses itself to the sufficiency in law of the petition and the exhibits attached thereto. Outdoor Electric Advertising v. Saurage, 207 La. 344, 21 So.2d 375; Termini v. McCormick, 208 La. 221, 23 So.2d 52 and Bartholomew v. Impastato, La.App., 12 So.2d 700. The latter is triable entirely on the face of the papers, while evidence may be received under an exception of no right of action for the purpose of showing that plaintiff does not possess the right he claims or that the right does not exist. Soniat v. White, 153 La. 424, 96 So. 19; Schmidt v. Conservative Homestead Association, 181 La. 369, 159 So. 587; Duplain v. Wiltz, supra [La.App., 174 So. 652] and La Casse v. New Orleans, T. & M. R. Co., 135 La. 129, 64 So. 1012.”
Ordinarily evidence is not admissible on the trial of an exception of no cause of action. LSA-C.C.P. Article 931. Nevertheless, where evidence is introduced by either party without objection by the opposing litigant, it has the effect of enlarging the pleadings and such evidence may be considered in determining whether the plaintiff has in fact stated a cause of action. Roy O. Martin Lumber Co. v. Saint Denis Securities Co., 225 La. 51, 72 So.2d 257; Williams v. Marionneaux, 240 La. 713, 124 So.2d 919; Breaux v. Pan American Petroleum Corporation, La.App., 163 So.2d 406.
In the instant case the documentary evidence introduced on trial of the rule be *652 low, consists of certified copies of the proceedings before the Civil District Court, Orleans Parish entitled “Irving Joseph Freeman vs. Alcide Relia Barr Freeman,” which matter was an action for final divorce predicated upon alleged two years voluntary separation between said parties. Included in the offerings is a judgment rendered November 22, 1955, and signed November 29, 1955, decreeing a final divorce between the parties and granting custody of the child of the marriage to the mother. Our esteemed colleague below concluded that since plaintiff-wife failed to show that the divorce granted defendant husband by the Orleans Parish District Court on November 29, 1955, was invalid, the court was compelled to accept said prior decree as binding and one which dissolved the bonds of matrimony theretofore existing between the litigants. Based on this premise our learned brother of the trial court concluded the Orleans Parish decree of divorce terminated all issues between the parties and further held the rights of the wife, if any, to claim alimony must be asserted in a separate action designed for that specific purpose. Having reached the aforesaid conclusions, the learned trial judge dismissed plaintiff’s demands with prejudice.
Able counsel for appellant urges the trial court erred in (1) sustaining appellee’s exception of no cause and no right of action despite appellant’s offer to prove on a trial on the merits the absolute nullity of the judgment of the Orleans Parish Court on which appellee’s exception is based; (2) determining the judgment of the Orleans Parish Court to be valid upon an exception of no right and no cause of action because no evidence was adduced to support its validity and appellant was not afforded an opportunity to establish its nullity; (3) considering an affirmative defense (the alleged nullity of appellant’s alimony judgment) on an exception of no right and no cause of action; (4) failing to sustain appellant’s contention that appellee is barred from attacking the alimony judgment because of appellee’s acquiescence therein and permitting appellee to collaterally attack appellant’s judgment for alimony; and (5) holding invalid a judgment for alimony on the ground the divorce action to which it was incident was invalid.
We shall first dispose of appellant’s contention the learned trial court erred in regarding appellee’s exception as a procedural device for considering a matter which may properly be raised only by way of affirmative defense. It readily appears appellant’s position in this respect is soundly based on our laws of procedure. Appel-lee’s exception is not directed against any allegation of appellant’s petition or the cause of action therein stated. In essence the exception sets forth allegations of additional facts not referred to in appellant’s petition for rule. Be this as it may, when appellee introduced evidence in support of these contentions and no objection was made thereto by counsel for appellant, the pleadings were thereby enlarged. The exception must be treated as an exception notwithstanding the only statutory grounds therefor are stated in its designation. See LSA-C.C.P. Articles 927 and 853. Failure to mention the statutory grounds on which it is based is immaterial because no technical forms of pleading an exception are required by our procedural law. LSA-C.C.P. Articles 924 and 854. Moreover, LSA-C.C.P. Article 927 specifically provides that the enumerated statutory objections which may be raised by peremptory exceptions are not exclusive. Under the circumstances shown, the trial court did not err in considering the judgment of the District Court, Orleans Parish.
Considering next appellant’s contention appellee is barred from contesting the validity of the alimony judgment in question because of appellee’s acquiescence therein, we note appellant’s reliance on defendant’s answer to the rule wherein appellee states the entire indebtedness in question is “fully paid.” In this regard appellant maintains she can establish, if given the opportunity to do so, that defendant in rule paid alimony due under the judgment herein sought to *653 be made executory. In support of this argument, counsel for appellant cites certain authorities to the effect that one who voluntarily acquiesces in a judgment may not thereafter question its validity for defects of form. Particular emphasis is placed on Dupuis v. Patin, La.App., 155 So.2d 768, wherein it was held payment of alimony pursuant to a judgment awarding same constitutes acquiescence therein barring direct or collateral attack thereon for vices of form including, inter alia, lack of proper process as set forth in LSA-C.C.P. Article 2002. The Dupuis case, supra, appears eminently correct considering LSA-C.C.P. Article 2003 which provides in effect that a defendant who voluntarily acquiesces in a judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement may not ánnul the judgment on any ground enumerated in LSA-C.C.P. Article 2002.
The instant matter, however, does not involve a simple vice of form. If the judgment obtained by appellee in the Parish of Orleans was valid, it follows that the judgment rendered in Terrebonne Parish was an absolute nullity. A judgment of divorce has the authority of res judicata as to any subsequent action for divorce between the parties thereto unless, of course, it be shown that the court which granted the first decree was without jurisdiction. Gennusa v. Gennusa, 189 La. 137, 179 So. 60. It must be conceded a peremptory exception based on a plea of res judicata must be specially pleaded, and the Court cannot take judicial cognizance of the authority of res judicata in the absence of such a plea. LSA-C.C.P. Article 927. Likewise, in a case involving a second divorce judgment between the same parties, the additional condition exists that a moot question is presented to the Court. In such a case the Court cannot grant the relief prayed for because parties who are divorced have attained an absolute status, just as they achieved a new and different relationship when they married. Obviously, a Court cannot change the status of divorced parties by either granting or refusing to grant the relief prayed for in a divorce action. Divorced persons can change their status in this regard only by their re-marriage.
Learned counsel for appellant forcefully maintains appellant had a right to file a separate suit for alimony assuming the Orleans Parish judgment of divorce to be valid. It is on this basis appellant’s astute counsel argues the judgment of the Court of Terrebonne Parish awarding appellant alimony is still effective. Counsel overlooks, however, the fact that the right to alimony is in some degree dependent upon which party obtained the judgment of divorce, or which party was at fault. Consequently, that portion of a judgment granting alimony incidental to a judgment of divorce ultimately found invalid cannot be separated from the judgment on the principal demand so as to stand independently notwithstanding invalidity of the judgment on plaintiff’s main demand.
Bienvenue v. Bienvenue, 186 La. 429, 172 So. 516, cited and relied upon by counsel for both appellant and appellee, held that a wife seeking judgment for alimony subsequently to a judgment of divorce granted her husband on grounds of four-year separation cannot do so by summary proceeding in the husband’s suit but rather is relegated to institution of a separate and specific action for such purpose. Appellant maintains her suit was such a separate action but with this conclusion we cannot agree. Her suit was primarily an action for divorce based on the previously obtained judgment of separation and her demand for alimony was only incidental thereto.
Next learned counsel for appellant maintains the question of fault (as the same bears upon the wife’s right to alimony) was previously adjudicated in her favor in the antecedent suit for separation from bed and board, therefore, it was immaterial whether her demand for alimony was -filed separately or incidental to an action of divorce. Consequently, counsel argues, the judgment could stand alone insofar as it *654 granted her alimony. In so contending, esteemed counsel for appellant is in error because a prior judgment of separation from bed and board which adjudicates the issue of fault of the parties for purposes of such a suit, is not res judicata quoad the question of fault pertinent to a subsequent suit for permanent alimony. Lloveras v. Reichert, 197 La. 49, 200 So. 817.
We next consider appellant’s contention she was denied opportunity to establish the judgment of the Orleans Parish District Court was an absolute nullity. We note that the briefs filed by the parties in the Court below do not appear in the record. Appellant’s brief filed in this Court, however, quotes the following allegedly from her trial brief:
“Miss Barr prays that this exception of no cause and no right of action be dismissed, or referred to the merits, and that this rule for an executory judgment for past due alimony * * * be set down for trial.”
“If this Honorable Court determines that it is necessary for the validity of the judgment of this court of permanent alimony that the judgment of this court of divorce be valid then Miss Barr proposes to prove that the judgment of the Orleans Court is an absolute nullity for lack of personal service, for lack of jurisdiction in the Orleans Court over the subject matter, for lack of the required domicile in a divorce suit, and for fraud and ill practice perpetrated upon the Orleans Court.”
In connection with the issue presently under consideration we note LSA-C.C.P. Article 3941, which provides as follows:
“Art. 3941. Court where action brought; nullity of judgment of court of improper venue
“An action for an annulment of marriage, for a separation from bed and board, or for a divorce shall be brought in a parish where either party is domiciled, or in the parish of the last matrimonial domicile.
“The venue provided in this article may not be waived, and a judgment rendered in any of these actions by a court of improper venue is an absolute nullity.”
Granting the foregoing codal provision became effective subsequent to rendition of the divorce decree by the Orleans-Parish District Court, it must also be noted' that at the time the judgment of divorce-was pronounced in Orleans Parish, the-rule obtained that venue in divorce proceedings was a jurisdictional matter not subject to waiver by the parties. See McGee v. Gasery, 185 La. 839, 171 So. 49.
In addition to her offer to prove the Orleans Parish Court lacked jurisdiction to-grant the divorce in question, appellant, maintains she can, if afforded the opportunity to do so, establish lack of citation, improper service, insufficient delays to support, judgment by default and that the parties had' not in fact been separated for two years-prior to institution of the Orleans Parish; suit. No further consideration need be given appellant’s additional grounds of alleged, nullity of the Orleans Parish judgment; the-issue of lack of jurisdiction alone, if established, would be sufficient to render said; judgment an absolute nullity.
Judicial proceedings, however, are-presumed to be regular and valid until the-contrary is shown. Mariana v. Eureka Homestead Soc., 181 La. 125, 158 So. 642; Vidrine v. Deshotels, 181 La. 50, 158 So. 618; Moody v. Singleton, La.App., 113 So.2d 472. Under the circumstances shown in-the present case, we believe our learned brother below had no alternative except to-give effect to the Orleans Parish judgment because he had no evidence before him to-justify his doing otherwise.
However, the foregoing conclusions pose yet another and most serious problem.
If the alleged nullity of the judgment rendered by the Orleans Parish District. *655 Court was absolute rather than relative, the judgment in the present case was unquestionably lawful. On the other hand, however, if the Orleans Parish judgment was valid, the judgment in the instant case is an absolute nullity. Therefore, if appellant’s rule is dismissed with prejudice, the effect of our decision herein would deprive her of accrued unpaid alimony and of her judgment of divorce even though she should, in a subsequent proceeding successfully attack the Orleans Parish judgment. Should the Orleans Parish judgment be subsequently declared an absolute nullity and this court have decreed the nullity of the Terrebonne Parish judgment and the latter decree have become final and therefore constitute res judicata, the net effect of such eventuality is that the parties would still be married. The above anomalous result would follow from the mere failure of counsel for appellant to object to the evidence introduced upon the trial of defendant’s exception. Considering the procedural developments hereinabove shown to have occurred in the •instant case, it cannot be denied that appellant had no opportunity to establish below the alleged nullity of the previous divorce decree. Under the circumstances •shown, we believe the ends of justice require dismissal of appellant’s rule as of non-suit in order that the validity of the respective judgments may be properly and fully adjudicated between the litigants at bar.
Able counsel for appellee urges our affirmation of the judgment rendered below •on the established principle that the presumption favoring validity of a divorce decree is great. In this connection esteemed counsel cites the following language appearing in Wilson v. Calvin, 221 La. 451, 59 So.2d 451, at page 453:
“There is a strong public policy against disturbing or declaring invalid a judgment of divorce, especially after a long period of time where the marital status of innocent parties who relied on the validity of that judgment would be disturbed, and more particularly where . a decree would render innocent parties guilty of bigamy and cast a cloud on the legitimacy of their children. (Cases cited.)”
In addition counsel for appellee cites Dupuis v. Patin, La.App., 155 So.2d 768, as authority for the principle that the presumption of validity attending a divorce judgment is greater in case of a collateral attack than in the event of direct attack thereon. We have previously noted herein that Dupuis v. Patin was decided on the ground of defendant’s acquiescence in the judgment which precluded attack on the grounds enumerated in LSA-C.C.P. Article 2002. In the case of an absolute nullity, however, there can be no acquiescence therein because an absolutely null decree can have no effect.
Considering the presumption of validity announced in Wilson v. Calvin, supra, we note that although the Court therein characterized the effect thereof as “strong”, we also observe the Court did not declare said presumption “irrebutable” or “irrefutable.” We further note the Court therein stated, “In order to prevail, plaintiff must therefore establish with certainty the invalidity of the judgment which he attacks.” We believe the Wilson case, supra, is further distinguishable on the following points: First, the Court therein indicated the rule in question has no application in instances involving jurisdictional errors. It is settled law that any party in interest may collaterally attack a divorce decree for lack of jurisdiction in the Court which pronounced the judgment. Douglas v. Douglas, La.App., 146 So.2d 227. Secondly, the judgment collaterally attacked in the Wilson case, supra, dissolved the marriage between one of the parties and her former spouse who was not a party to the second suit. Lastly, although' appellee states in brief that he has remarried in reliance upon the validity of the Orleans judgment and now has a child by his second wife, the record does not show the date of his said marriage.' In this connection we *656 point out that the Terrebonne Parish decree was rendered approximately six months after the Orleans Parish judgment. Appellee’s marriage after the divorce decree rendered in Terrebonne Parish would be valid in the event the first judgment be declared null and under such circumstances, appellee’s latter argument would be moot.
Since appellant still has the right to attack the Orleans Parish judgment, directly or collaterally, on the grounds of alleged improper service and lack of jurisdiction pursuant to the provisions of LSA-C.C.P. Article 2202, we do not feel the ends of justice will be served by our investing the present summary proceeding with the authority of res judicata quoad the validity of the Terrebonne Parish judgment. Rather we feel the interests of justice will be promoted by dismissing appellant’s present action as of non-suit thus reserving her right to question the validity of the Orleans Parish divorce in a proper proceeding.
For the reasons assigned, the judgment of the trial court is amended in that judgment is rendered herein dismissing appellant’s suit as of non-suit. All costs of these proceedings to be paid by appellant.
Affirmed as amended.