CULPEPPER, Judge.
This is a suit by Mrs. Estelle Scott Tan-nehill against her husband, Theodore L. Tannehill, Jr., for separation from bed and board on the grounds of living separate and apart for one year, for custody of the minor child born of the marriage, and alimony pendente lite for the support of the child. Defendant filed an answer denying generally plaintiff’s petition. He also filed a reconventional demand to annul his marriage to Mrs. Tannehill on the grounds that her previous divorce judgment from her first husband is void for lack of jurisdiction and venue in the district court for LaSalle Parish which rendered it. In his reconven-tional demand, defendant also seeks to disavow paternity of the child on the grounds that defendant is sterile.
In the companion suit, entitled “Theodore L. Tannehill, Jr. v. Estelle Scott Tannehill, et al.”, 247 So.2d 875, in which a separate judgment is being rendered by us this date, the plaintiff seeks essentially the same relief as that sought in his reconventional demand to his wife’s suit, i. e., the nullity of his marriage to plaintiff and the disavowal of the child. These cases were consolidated for trial.
When the cases were previously before us, Tannehill v. Tannehill, 226 So.2d 185 (3rd Cir. 1969), we overruled the wife’s exception of no cause of action to the husband’s demand for annulment of the marriage and remanded the case to the district court for trial on that issue. We sustained the wife’s exception of no cause of action to the husband’s demand to disavow the child. Writs of certiorari to our Supreme Court were refused on the grounds that the judgment is not final. Tannehill v. Southerland, 254 La. 930, 228 So.2d 485, but the Supreme Court expressly reserved to the husband the right to urge the disavowal action in the event of adverse judgment following trial.
After the matter was remanded and tried, the district court refused to annul the wife’s prior divorce judgment in LaSalle Parish, and hence refused to annul the Tannehill marriage. The court granted plaintiff’s demands in the present suit for separation from bed and board, awarded her custody of the child and alimony for its support in the sum of $150 per month. The defendant husband appealed.
The principal issue on appeal is whether the wife’s prior judgment of divorce in LaSalle Parish is null for lack of venue. See LSA-C.C.P. Article 3941 which reads as follows:
“Art. 3941. Court where action brought; nullity of judgment of court of improper venue
“An action for an annulment of marriage, for a separation from bed and board, or *872 for a divorce shall be brought in a parish where either party is domiciled; or in the parish of the last matrimonial domicile.
“The venue provided in this article may not be waived, and a judgment rendered in any of these actions by a court of improper venue is an absolute nullity.”
The facts show that the plaintiff married Jerry H. Southerland in 1958. They lived together in Winn Parish for a few months, in Houston, Texas for about four years and then moved to Grant Parish, Louisiana, in 1963. Three children had been born of the marriage by the time they separated in 1963. After the separation, she moved with the children to the home of her parents near Georgetown in Grant Parish. Southerland lived in Urania and Winnfield for a few months and then moved to Houston, Texas, where he remained for about a year. He returned to Winnfield and had been living there for a few months when plaintiff filed suit for divorce on August 23, 1965, in LaSalle Parish, on the grounds of two years voluntary separation.
In her petition in the LaSalle Parish suit, plaintiff alleged that she was a resident of the Parish of LaSalle and that the defendant, Jerry H. Southerland, was a resident of Winn Parish. A copy of the proceedings, which is filed in the record in the present matter, shows that Souther-land was served in Winn Parish and that he filed an answer admitting the two years separation and agreeing to pay $100 per month alimony for the support of the three, children. Judgment was rendered on September 23, 1965, in the Twenty-eighth Judicial District Court for the Parish of LaSalle, decreeing an absolute divorce, awarding the mother custody of the children and ordering Southerland to pay alimony of $100 per month. There is no transcript of testimony, statement of facts by the district judge or other record to show the evidence on which the district judge found venue in the Parish of LaSalle and rendered the judgment of divorce.
At the trial of the present matter in Rapides Parish, Southerland testified that he was living in Winn Parish in 1965 at the time of the LaSalle Parish divorce proceedings. Southerland also states that after the divorce he remarried, has a child by this second marriage and still lives in Winn Parish.
The principal issue to which the evidence is directed is whether the plaintiff was domiciled in LaSalle Parish at the time she filed the divorce proceedings there in August of 1965. She contends that although she lived in the home of her parents near Georgetown in Grant Parish up until May of 1965, she then moved to the home of her sister in the Summerville community in LaSalle Parish and was domiciled there until October of 1965, at which time she moved back with her parents near Georgetown. Counsel for defendant contends the testimony of plaintiff, her mother and her sister is vague, prejudiced, contradicted by other-witnesses and generally unworthy of belief. However, we conclude after careful study that the evidence amply supports the finding of fact by the trial judge as follows :
“Mrs. Tannehill testified that she had earlier lived with her mother after separating from her husband in Georgetown, Grant Parish, Louisiana. In April, 1965 it became apparent that Mrs. Tannehill could not work and care for her children and her parents were also working at that time and could not care for the children so Mrs. Tannehill moved to the home of her sister in Summerville, LaSalle Parish, with the understanding that she would stay there and her sister would care for her children while she worked at Pine-crest State School. At that time, Mrs. Tannehill testified, this was to be a more or less permanent arrangement and she drove to and from Pinecrest on her job. In October, 1965, as her sister could no longer help her with the children and as her parents could now help, she returned to Georgetown.
*873 “Adequate evidence exists to establish that the Court in LaSalle Parish did have jurisdictional venue over this case as established by the testimony of Mrs. Tanne-hill and the other witnesses. The residence was there and the intention to remain there also existed.”
The statute which sets forth the grounds for divorce is LSA-R.S. 9:301 which provides :
“When the spouses have been living separate and apart continuously for a period of two years or more, either spouse may sue for and obtain a judgment of absolute divorce. As amended Acts 1960, No. 31, § 1.”
Jurisdiction is provided for by LSA-C.C.P. Article 10, which in 1965 read in pertinent part as follows:
“A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions :”
* * * * * *
“(7) An action of divorce, or of separation from bed and board, if one or both of the spouses are domiciled in this state and, except as otherwise provided by law, the grounds therefor were committed or occurred in this state, or while the matrimonial domicile was in this state.”
Venue is provided for by LSA-C.C.P. Article 3941, which is quoted above.
Under the quoted statutory provisions, it is clear that the district court in LaSalle Parish had both jurisdiction and venue of the 1965 divorce suit if plaintiff was at the time domiciled in LaSalle Parish. As stated above, we agree with the findings of fact by the trial judge that plaintiff was actually domiciled in LaSalle Parish at the time in question. On appeal, defendant now makes the argument that the then Mrs. Southerland could not have been legally domiciled in LaSalle Parish since her husband was admittedly then domiciled in Winn Parish and, under LSA-C.C. Article 39, a married woman can have no other domicile than that of her husband. The answer to this argument is the exception to Article 39 established in our jurisprudence that a wife is authorized to acquire a separate domicile for herself where she is abandoned or is compelled by reason of ill treatment to leave her husband, Bush v. Bush, 232 La. 747, 95 So.2d 298 (1957); Hickman v. Hickman, 218 So.2d 48 (La.App. 3rd Cir. 1969); Landry v. Landry, La.App., 192 So.2d 237.
Defendant argues that the jurisprudential exception to LSA-C.C. Article 39 has no application in the present case since it is not shown either in the 1965 divorce proceedings in LaSalle Parish, or by the evidence in the present matter, that South-erland was guilty of abandonment or ill treatment justifying plaintiff in establishing a separate domicile in LaSalle Parish. It is true that there is no record of any evidence whatever either in the LaSalle Parish proceedings or in the present case to show that Southerland was at fault. However, there is a presumption that the judgment is correct and that the court had jurisdiction. In Walsh v. Walsh, 215 La. 1099, 42 So.2d 860 (1949) the court held in a similar situation :
“That judgment, even though it was taken by default, is presumptively correct and plaintiff, who is now seeking to have it vacated, carries the burden of proving a lack of jurisdiction of the Court which does not appear on the face of the record as the proceedings are regular and formal in all respects. Succession of St. Ange, 161 La. 1085, 109 So. 909 and Gennusa v. Gennusa, 189 La. 137, 179 So. 60.”
The defendant, Mr. Tannehill, who seeks to annul the LaSalle Parish judgment, has the burden to prove a lack of jurisdiction or venue of that court. It is he who has the burden to show that Mr. Souther-land was not at fault and that the then Mrs. Southerland was not justified in estab *874 lishing a separate domicile for herself in LaSalle Parish. This he has failed to do.
The defendant also makes an argument regarding the 1968 amendment to LSA-C.C.P. Article 10, which added sub-part (B) reading as follows:
“For purposes of Subparagraphs (6) and (7) of Paragraph (A) of this article, if a spouse has established and maintained a residence in a parish of this state for a period of twelve months, there shall be a rebuttable presumption that he has a domicile in this state in the parish of such residence. Amended by Acts 1968, No. 172, Section 1.”
Defendant’s argument, as we understand it, is that before the 1968 amendment quoted above, there was a “hiatus in our law” in that the wife could not file a suit for divorce at her own domicile. Defendant says the purpose of the 1968 amendment was to cure this hiatus. We cannot agree. A reading of the Official Comments under the 1968 amendment shows that its purpose is to provide a rebuttable presumption of domicile in the state and parish if a spouse has had a residence there for a period of 12 months. The amendment does not in any way change the prior jurisprudential rule that a wife has a right to establish a separate domicile where the husband has been at fault.
The next issue concerns the award of $150 per month alimony pendente lite for the support of the minor child. Defendant contends this award is not supported by sufficient proof of the needs of the child and the ability of the father to pay.
The record shows that when plaintiff filed her original petition for separation from bed and board she requested and was granted a rule directed to the defendant to show cause why the custody of the child and alimony for its support should not be awarded to the mother during the pendency of these proceedings. This rule was heard with both parties and their counsel present and the court awarded alimony pendente lite for the support of the child in the sum of $150 per month. The record does not contain a transcript of any testimony taken at the hearing on the rule but the judgment is presumed to have been correct.
Defendant did not file any pleadings requesting that the alimony pendente lite be reduced, but at the trial on the merits of the suit for separation from bed and board some testimony was given on the issue. It is true that under cross-examination plaintiff was unable to substantiate some of the figures for her monthly expenses and her testimony was vague and indefinite.
The alimony pendente lite which was fixed by rule continues until judgment of final divorce, Stevens v. Stevens, La.App., 206 So.2d 558, unless changed by the trial court at the request of one of the parties because of altered conditions or circumstances. The party seeking such a change bears the burden of showing that there has been a change of circumstances, McMath v. Masters, La.App., 198 So.2d 734. In this case, the defendant had the burden of showing a change in circumstances warranting any reduction in the amount which was fixed by the judgment on the rule. Defendant has failed to sustain this burden.
Actually, it was not necessary, at the trial on the merits of the suit for separation from bed and board, to go into the question of the alimony pendente lite which had already been fixed by rule. However, the judgment on the merits states that the alimony previously fixed shall continue. This does not alter the fact that the defendant, seeking a change in the prior alimony judgment, had the burden of showing a change in circumstances warranting a reduction. See Adams v. Adams, 243 So.2d 318 (La.App. 4th Cir. 1971) where a similar situation was presented.
Defendant’s final argument is that the trial court should have reopened the issues involved in defendant’s demand to disavow paternity of the child and should *875 have allowed evidence of defendant’s sterility. The basis of this argument is that when the Supreme Court refused writs from our previous judgment in this matter, the court stated: “The judgment is not final. But plaintiff’s right to urge the matter raised in his application are reserved to him in the event of an adverse judgment following the trial on the question of the validity of his marriage to the defendant.”
Clearly, this writ refusal and the reasons given therefor did not reverse and set aside our judgment affirming an exception of no cause of action as to the disavowal action. Our previous judgment still stands and the trial judge correctly refused to allow the introduction of evidence on the issue of defendant’s sterility.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.