MILLER, Judge.
Defendant Nancy Andrus Thevis appeals the denial of her claim for allegedly past due alimony. The trial court held that the pendente lite alimony granted pending the *481 judicial separation was terminated by the judicial separation decree which did not award alimony pendente lite. We affirm. We nevertheless amend the judgment to award alimony pendente lite from the time the wife sought it in her answer to the husband’s suit for divorce.
The wife sued John J. Thevis for separation from bed and board on grounds of cruel treatment on December 11, 1969 and sought alimony pendente lite. The husband answered the suit and reconvened on grounds of abandonment. The alimony rule was heard on December 18, 1969 and the parties stipulated that the wife would receive “$225 per month, beginning January 1, 1970, and continuing until further orders of this court.” On December 19, 1969, the trial judge signed a judgment ordering husband to pay wife “for her support during the pendency of this litigation at the rate of ($225) per month commencing January 1, 1970, and monthly thereafter.” (Emphasis supplied.)
At the February 2, 1970 trial on the merits, the judicial separation was awarded to the husband. Not one question was directed to the parties concerning alimony. The husband testified that the parties had tentatively agreed on a community property settlement. The February 2, 1970 judgment was silent on the claim for alimony.
We find that the December 19, 1969 order for alimony pendente lite terminated when the judgment of judicial separation was signed on February 2, 1970. The December 19th alimony pendente lite order provided for the wife’s support “during the pendency of this litigation.” The litigation terminated with the February 2, 1970 judgment awarding the husband a judicial separation.
Defendant appellant argues that the trial court does not have discretion to award or not to award alimony past due under a court order. LSA-C.C.P. 3945; Bell v. Bell, 225 So.2d 753 (La.App. 4 Cir. 1969). But the wife must seek alimony pendente lite before she is entitled to it.
On February 2, 1970, following the signing of the judicial separation decree, the parties and their attorneys signed a “community property settlement and agreement.” Husband paid wife $10,000 and a Ford car for her interest in the community and for a release of any and all obligations to wife “including obligation for ' support pending rendition of a final judgment of divorce.” Tr. 32. This agreement establishes that husband paid all alimony due through February 2, 1970.
The agreement did not constitute a valid waiver by the wife of her right to future alimony. LSA-C.C. Article 2446 does not permit a wife to waive her right to alimony pendente lite granted her by the provisions of LSA-C.C. Article 148, and any act waiving alimony is a relative nullity. Nelson v. Walker, 250 La. 545, 197 So.2d 619 (1967); Russo v. Russo, 205 La. 852, 18 So.2d 318 (1944).
Following a judicial separation and until a judgment of divorce has been rendered, the wife is entitled to alimony pen-dente lite regardless of which spouse was at fault. LSA-C.C. Articles 119, 120, 148; Arnold v. Arnold, 186 La. 323, 172 So. 172 (1937).
Following the judicial separation, the wife first requested alimony pendente lite on February 12, 1971 when she filed answer to the husband’s suit for divorce. At the May 6, 1971 hearing, the parties stipulated that if the wife was entitled to such alimony it would be at the rate of $225 per month. She is entitled to alimony pendente lite at that rate for the period February 12 to May 6, 1971.
The trial court’s judgment is amended to award $630 to the wife as alimony pen-dente lite. The remainder of the trial court’s judgment is affirmed. Costs of this appeal are assessed to plaintiff appel-lee.
Amended and affirmed.