GARRISON, Judge.
This is an appeal from a judgment of the district court granting a judgment of divorce in favor of the plaintiff husband, granting permanent custody of the two minor children to the defendant-wife, awarding child support in the amount of $500.00 per month and denying alimony.[1]
Prior to the rendition of the divorce judgment, the trial court granted child support in the amount of $400.00 per month, alimony pendente lite in the amount of $200.00 per month and ordered the father to pay the house note of $147.36. The divorce judgment reduced the total amount from $747.36 to $500.00 per month. From that judgment, which we affirm, the custodial parent appeals.
On appeal the custodial parent argues that the trial court erred in decreasing the pre-divorce total amount from $747.36 per month to a post-divorce amount of $500.00, when the non-custodial parent’s income had increased from $2,260.00 per month ($1,450.00 per month net) to $2,437.00 per month ($1,556.00 per month net).
Alimony pendente lite is granted without consideration of legal fault. Ali *733 mony after divorce, however, is granted on a different legal basis. Civil Code Article 160 provides as follows:
“When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse. In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse’s earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.
In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
This alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries.” (emphasis added).
As Mrs. Meyers is no longer entitled to alimony, the trial judge was correct in reducing the total amount by the $200.00 granted as alimony pendente lite.
Turning to the issue of the house note, the house note payment contains elements of the non-custodial parent’s duty to support and that support includes shelter. The non-custodial parent’s payment of the house note prior to the judgment of divorce included not only a percentage of shelter costs for his children, but also shelter costs in the nature of alimony pendente lite for his wife and his part of the community debt attributable to a major community asset, the house. Thus the trial judge acted properly in reducing the total amount by the amount of the house note. The increase in child support obviously includes a portion covering the shelter costs of the children.
The custodial parent argues that the trial judge failed to consider the non-custodial parent’s increased income relative to the issue of the child support. We find this a fallacious argument. The trial judge did consider the increase in income in raising the amount of child support from $400.00 per month to $500.00 per month.
For the reasons discussed, the judgment of the district court is affirmed.

AFFIRMED.

. The judgment of separation was rendered on the basis of mutual fault. As both parties were found “at fault”, neither party is entitled to alimony after divorce. The judgment of separation was rendered on March 2, 1979.