JASPER E. JONES, Judge.
Defendant, I.E. Lee, appeals a judgment in favor of Marzelle Lee accruing and making executory $2,000 in past due alimony pendente lite and awarding attorney’s fees of $250. The issue presented by this appeal is whether a judgment of separation, silent as to alimony, terminates the effect of a prior judgment on a rule awarding alimony pendente lite. We find that it does not and affirm.
This case arises from the following circumstances. In December, 1981, Mrs. Lee brought an action for separation and a rule for alimony pendente lite. Mr. Lee answered and reconvened for a separation in his favor. On January 27, 1982, the district court granted judgment in Mrs. Lee’s favor on her rule for alimony pendente lite and ordered the defendant to pay alimony pen-dente lite of $250 per month. Mr. Lee paid *939 the alimony due in February and March, 1982.
In April, 1982, the separation action was tried and the district judge rendered judgment in defendant’s favor rejecting the plaintiff’s demand for a separation in her favor and granting a separation in defendant’s favor. The judgment of separation was silent as to alimony.
Defendant did not pay alimony in April, 1982, or any subsequent month. In November, 1982, plaintiff brought this rule to accrue and make executory past due alimony pendente lite and for attorney’s fees. The district judge rendered judgment in plaintiff’s favor and this appeal followed.
The defendant contends that the judgment of separation terminated the effect of the judgment on the rule for alimony pen-dente lite and that, therefore, no alimony was owed in April or subsequent months. The defendant relies on Thevis v. Thevis, 254 So.2d 480 (La.App. 3d Cir.1971). In Thevis the court held that a judgment on a rule for alimony pendente lite which ordered alimony “during the pendency of this litigation” was terminated by a subsequent judgment of separation. The third circuit emphasized the quoted language and cited no authority to support its conclusion.
We note that the judgment on the rule for alimony pendente lite in this case contains no language similar to that which the court quoted and emphasized in Thevis.[1] On this basis we regard Thevis as distinguishable from the instant case. However, to whatever extent Thevis is contrary to the authorities set out below we would decline to follow it even if applicable.
The obligation of support, which is the basis for, and enforced by, an order to pay alimony pendente lite, does not terminate until the marriage is dissolved by death or divorce. Holliday v. Holliday, 358 So.2d 618 (La.1978). Alimony pendente lite is granted without consideration of legal fault and does not depend on the merits or outcome of the action for separation or divorce. Meyer v. Meyer, 402 So.2d 732 (La.App. 4th Cir.1981); Holliday v. Holliday, supra.
The supreme court considered the effect of a judgment of separation on the right to alimony pendente lite previously fixed by rule in Arnold v. Arnold, 186 La. 323, 172 So. 172 (1937). In Arnold the wife brought an action for separation and obtained an order for alimony pendente lite by rule. After trial on the merits the district judge granted the wife a separation but rescinded the order for alimony penden-te lite.
With regard to the action of the trial judge the supreme court observed:
“... From the wording of that part of the decree which put an end to the payment of alimony pendente lite, it seems that the judge considered that the litigation was brought to an end by the decree of separation from bed and board, and hence that there was no longer any occasion for alimony pendente lite. The rendering of a decree of separation from bed and board, however, does not put an end to the wife’s right to have alimony pen-dente lite — which means nothing more than the wife’s right to have the financial support of her husband until the bonds of matrimony are dissolved.” 172 So. at 174.
The court reinstated the order fixing alimony pendente lite.[2]
The court’s ruling in Arnold rejects the suggestion that alimony pendente lite fixed by rule is terminated by a judgment of separation and confirms dicta in Donnels v. Bouillion, 165 La. 145, 115 So. 439 (1928), to the effect that an order for alimony pen-dente lite does not cease to continue in force after the signing of the judgment of *940 separation which is silent on the right to alimony pendente lite.
The issue at hand was again considered in Adams v. Adams, 243 So.2d 318 (La.App. 4th Cir.1971), writ refused, 258 La. 212, 245 So.2d 410 (1971). There the court, relying on Donnels v. Bouillion, held that alimony pendente lite, once fixed by rule, is not terminated by a subsequent judgment of separation which is silent as to alimony.[3] The third circuit also took this position in Tannehill v. Tannehill, 247 So.2d 870 (La. App. 3d Cir.1971), affirmed, 261 La. 933, 261 So.2d 619 (1972), where it stated: “The alimony pendente lite which was fixed by rule continues until judgment of final divorce unless changed by the. trial court at the request of one of the parties because of altered conditions or circumstances.” (citation omitted) 247 So.2d 874. In Delaney v. Delaney, 339 So.2d 945 (La.App. 4th Cir. 1976), the court rejected Thevis and adhered to the views expressed in Adams v. Adams.
We hold that an order of alimony penden-te lite fixed by rule is not terminated by a subsequent judgment of separation which is silent as to alimony. Arnold v. Arnold; Donnels v. Bouillion; Adams v. Adams; Delaney v. Delaney. The defendant owed alimony for the months following the judgment of separation.
The appellant’s assignments of error are without merit. The judgment is AFFIRMED at appellant’s costs.

. The body of the judgment on the rule reads as follows:
“IT IS HEREBY ORDERED that I.E. Lee pay unto Marzelle Glasgow Lee TWO HUNDRED FIFTY AND NO/100. — ($250.00) DOLLARS, per month as alimony pendente lite commencing February 1, 1982.”

. The rationale of the district judge in Arnold is very similar to that of the third circuit in Thev-is.

. In Adams the husband was awarded the separation and the wife’s reconventional demand for a separation was rejected.