liKNOLL, Justice.
At issue in this worker’s compensation proceeding is the hearing officer’s denial of a dilatory exception of unauthorized use of a summary proceeding, and her entry of a judgment which vacated a prior judgment of dismissal with prejudice in the same case.
On March 31, 1995, Donald Ancelet, an employee of Russell J. States Construction Company (States Construction), filed a worker’s compensation claim against States Construction for a neck injury he received on April 3, 1994. Afterwards, on May 16, 1995, Aneelet’s attorney filed a motion asking the hearing officer to dismiss his claim for worker’s compensation with prejudice. The order of the hearing officer read, in pertinent part:
|2On motion of DONALD P. ANCELET, through undersigned counsel, and on sug *232 gesting to this Honorable Court that the plaintiff, DONALD P. ANCELET, no longer desires to prosecute this matter, and the instant matter should be dismissed with prejudice. Accordingly,
IT IS ORDERED, ADJUDGED AND DECREED that the instant matter be and it is hereby dismissed with prejudice.
Aneelet neither applied for a new trial nor appealed from the judgment of dismissal.
Subsequently, on May 19, 1995, the hearing officer granted Ancelet’s motion to enroll new counsel of record. Later, on August 23, 1995, Aneelet filed a motion and order to vacate the judgment which had earlier dismissed his worker’s compensation claim with prejudice. In addition, on October 17, 1995, Aneelet further filed a motion to modify the prior judgment of dismissal by seeking to eliminate that portion of the judgment which granted the dismissal with prejudice.[1] States Construction responded by filing a dilatory exception of unauthorized use of a summary proceeding.
The hearing officer heard oral argument on the dilatory exception and Ancelet’s motion to vacate the order to dismiss with prejudice. On February 19, 1996, the hearing officer denied the dilatory exception of States Construction, further stating as follows:
Under statutory authority, the Office of Workers’ Compensation retains jurisdiction of future petitions for modification. See Jones v. Murphco of Florida, 640 So.2d 335 (La.App. 3d. Cir.1994) and LSA-R.S. 23:1310.8. Therefore, the Motion and Order to Vacate Motion and Order to Dismiss with Prejudice is hereby granted.
States Construction then perfected this appeal. We reverse.
EFFECT OF DISMISSAL WITH PREJUDICE
States Construction contends that the hearing officer erred in denying its dilatory exception and further compounded the error by summarily granting Ancelet’s motion |3to vacate the prior judgment of dismissal with prejudice. Finding that the hearing officer erred as a matter of law, we reverse the decision and remand to the OWC for further action consistent with this opinion.
La.Code Civ.P. art. 1673 provides, in pertinent part, that “[a] judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial.” The Code of Civil Procedure has specific provisions concerning the modification of judgments in the trial court. These exclusive methods for modifying judgments are amendment of judgment, La.Code Civ.P. art. 1951, new trial, La.Code Civ.P. arts. 1971-1979, and the action for nullity, La.Code Civ.P. arts. 2001-2006. See Cooper v. Louisiana Farm Bureau Cas. Ins. Co., 481 So.2d 611 (La.1986).
In the case sub judice, Aneelet did not seek to modify the judgment by amendment, new trial, or an action for nullity. Accordingly, the judgment of the hearing officer which vacated the prior final judgment is null. See Wilson Indus., Inc. v. Atlas Production Services, 96-149 (La.App. 4 Cir. 6/5/96); 675 So.2d 1221.
As noted in Cooper, 481 So.2d 611, although the time for seeking an amendment, a new trial or an appeal may have lapsed, it is possible that the action for nullity may not yet have passed. La.Code Civ.P. art. 2002 (an action to annul a judgment for vices of form may be brought at any time), 2004 (an action to annul a judgment for vices of substance, i.e., fraud or ill practices, must be brought within one year of the discovery by the plaintiff of the fraud or ill practices).[2] Notwithstanding, an action for nullity of judgment must be instituted as an ordinary proceeding and requires citation and service upon the opposing parties. Willis v. Travelers Ins. Co., 545 So.2d 721 (La.App. 3 Cir.1989). Thus, since Aneelet attempted to va *233 cate the final | judgment of May 16, 1995, through a summary proceeding, the hearing officer should have maintained the dilatory exception of States Construction.
In making this determination, we find that the hearing officer improperly relied upon La.R.S. 23:1310.8 as authority to modify the judgment. In Matthews v. Farley Indus., 95-1387, 95-1796 (La.2/28/96); 668 So.2d 1144, La.R.S. 23:1310.8 was limited to modifications of a compensation judgment in which there has been a previous compensation award. As shown in the case before us, La.R.S. 23:1310.8 is inapplicable since the hearing officer has never awarded Aneelet worker’s compensation.
For the foregoing reasons, the judgment of the hearing officer is reversed and set aside. This matter is remanded to the OWC for further action consistent with this opinion. Costs of this appeal are assessed to Donald Aneelet.
REVERSED AND REMANDED.

. The basis for the modification alleged in the motion was that Ancelet’s prior attorney obtained the judgment of dismissal without the knowledge and consent of his client. We express no opinion regarding this allegation.

. In making this statement, we limit our discussion to the time element within which an action for nullity may be brought. We express no opinion regarding the issue of whether Aneelet has lost his right to seek a nullity through acquiescence as provided in La.Code Civ.P. art.2003.