721 So.2d 992 (1998)
TOWN OF VINTON, Plaintiff-Appellee.
v.
John Larry SONNIER, Defendant-Appellant.
No. 98-676.
Court of Appeal of Louisiana, Third Circuit.
October 28, 1998.
*993 Christopher R. Philipp, Esq., Lafayette, for Town of Vinton.
Louis D. Bufkin, Esq., Lake Charles, for John Larry Sonnier.
Before DECUIR, AMY and PICKETT, JJ.
DECUIR, Judge.
The Town of Vinton sought a modification of John Larry Sonnier's compensation benefits from temporary total disability (TTD) benefits to supplemental earnings (SEB) benefits and requested an offset pursuant to La.R.S. 23:1225(C) for social security benefits received by the plaintiff.
At the trial held on September 8, 1997, the Town introduced evidence of plaintiff's earnings and receipt of social security benefits as evidenced by records of the Social Security Administration. The evidence reflects that plaintiff first became entitled to social security benefits in February of 1991. Because of yearly increases (which increases are not included in the record), by the time of trial, plaintiff's total family social security benefits were $1,083.70 per month. He received workers' compensation benefits in the amount of $159.21 per week commencing August 13, 1990. There is no indication in the record as to how the amount of the credit was calculated or determined. Nor is there any indication in the record as to the amount of time defendant contends it is entitled to suspend plaintiff's benefits. After trial, the workers' compensation judge issued written reasons finding that the Town failed to carry its burden of proving plaintiff can return to light duty work and denied its request to modify compensation benefits from TTD to SEB. However, the workers' compensation judge found the Town is entitled to coordinate compensation benefits with social security benefits effective from date of judicial demand. The reasons for judgment is dated October 10, 1997, and contains the following language:
IT IS ORDERED that the employer is not entitled to modify the employee's workers' compensation benefits from TTD to SEB.
IT IS ORDERED that the employer is entitled to coordinate the employee's benefits *994 with his Social Security disability benefits.
IT IS ORDERED that the employer shall submit a final judgment for signature within ten days of receipt of these written reasons.
Thus done this 10th day of October, 1997 in Lake Charles, Louisiana.
The document concludes with the signature of the workers' compensation judge. The judgment rendered in conformity with these reasons was signed November 7, 1997. Compensation benefits were paid through October 20, 1997, when the benefits were "suspended" in accordance with the reasons for judgment. On November 3, 1997, plaintiff filed for contempt proceedings as a result of the suspension of his benefits prior to the date of the final judgment.
Thereafter, on November 17, 1997, plaintiff filed a petition to modify the judgment complaining that certain language in the judgment is vague. The language complained of provides: "The employer's claim to coordinate the employee's Social Security disability benefits with the employee's workers' compensation disability benefits is granted, effective from the date of judicial demand."
On December 3, 1997, plaintiff filed a motion to reopen the record. Plaintiff's ground for the motion was that "subsequent to [the] November 7, 1997 [judgment], pleadings ha[d] been filed which [purportedly] raise[d] issues which may require changing either the substance and/or form of the judgment." The motion also made mention of the fact that a rule for contempt was presently pending. On that same date, a conference was held with counsel and the workers' compensation judge, whereby it was agreed that the record would be reopened and that appeal delays would not begin to run until the signing of a subsequent judgment.
A hearing was held on January 27, 1998, at which time the workers' compensation judge announced that there were several motions before her, including the petition to modify the judgment, motion to reopen the record (which apparently had already been granted), and the motion for contempt. The only evidence presented at this hearing concerned the issue of contempt. Dale Cronin, a casualty claims representative for Risk Management, Inc., servicing agent for workers' compensation claims for the Town of Vinton, testified as to the reason why benefits were suspended. After his testimony, plaintiff's counsel stated there was nothing further to address.
On February 17, 1998, judgment was rendered by the workers' compensation judge declaring her without subject matter jurisdiction to grant the relief sought by plaintiff's motion for contempt. Plaintiff's application for supervisory writs from the judgment of February 17, 1998, to this court was denied on March 25, 1998. Unpublished Writ, W98-301. Thereafter, on March 30, 1998, plaintiff filed an appeal from the judgment of February 17, 1998, which judgment addresses only the issue of contempt.
Plaintiff contends on appeal that the workers' compensation judge erred in providing for a coordination of benefits without the data necessary to make calculations and without performing calculations and specifying an amount of credit, and in ruling she was without jurisdiction to find the Town in contempt.
First, as to the issue of coordination of social security and workers' compensation benefits, the Town argues that this issue was disposed of by the judgment of November 7, 1997, and the delays for appealing this issue have elapsed. See La.R.S. 23:1310.5(B). La.Code Civ.P. art. 865 provides that "[e]very pleading shall be so construed as to do substantial justice." Pursuant to this mandate, the Supreme Court has construed motions for new trial and to amend or withdraw judgment as motions for appeal. See McClelland v. State Nat'l Life Ins., 94-2123 (La.11/18/94); 646 So.2d 309. Accordingly, we construe Mr. Sonnier's petition to modify judgment as a motion for new trial, which motion was timely filed on November 17, 1997, with the seven-day new trial delay commencing on November 10, 1997, legal holidays excluded. See La.Code Civ.P. art. 1974. Thus, the appeal of this issue is timely. We agree with the plaintiff that evidence must be adduced to determine the amount of the credit due pursuant to La.R.S. *995 23:1225(C). For that reason, this matter is remanded to the Office of Workers' Compensation.
Secondly, plaintiff contends that the workers' compensation judge has jurisdiction to find the Town of Vinton in contempt for suspending benefits. The conduct of which plaintiff complains is that of constructive contempt defined, among other things, as the "[w]ilful disobedience of any lawful judgment, order, mandate, writ, or process of the court." La.Code Civ.P. art. 224(2). La.R.S. 23:1310.7(B)(2) provides that in cases of constructive contempt, the workers' compensation judge may apply to the judge of the district court for a hearing on the issue of contempt. Furthermore, La.R.S. 23:1310.7(D) provides:
D. Nothing in this Section shall be construed to limit the power of the workers' compensation judge to encourage compliance with and enforcement of his orders by means other than referral to the district courts for contempt proceedings. (Emphasis added.)
Thus, the workers' compensation judge did not err in concluding that she did not have jurisdiction to entertain plaintiff's motion for contempt. See Bright v. Claims Center, 609 So.2d 832 (La.App. 4 Cir.1992), writ denied, 615 So.2d 338 (La.1993).
This matter is remanded in part for further proceedings in accordance with this opinion. The remainder of the judgment of the Office of Workers' Compensation is affirmed. Costs of appeal are assessed one-half to defendant and one-half to plaintiff.
AFFIRMED IN PART AND REMANDED.