781 So.2d 1282 (2001)
Christopher G. TAYLOR,
v.
HIXSON AUTOPLEX OF ALEXANDRIA, INC., et al.
No. 00-1096.
Court of Appeal of Louisiana, Third Circuit.
March 28, 2001.
Rehearing Denied April 25, 2001.
*1283 Mark Felipe Vilar, Faircloth & Davidson, Alexandria, LA, Counsel for Hixson Autoplex of Alexandria, Inc., Brady Berthelot, Jason Parks and Rene Galvan.
Christopher G. Taylor, In Proper Person, Alexandria, LA, Counsel for Christopher G. Taylor.
Court composed of YELVERTON, DECUIR, and AMY, Judges.
YELVERTON, J.
Christopher G. Taylor, who is not a lawyer, represents himself in this case. So far, he has done a creditable job. He has convinced one member of this appellate panel that the judgment of the trial court nullifying his default judgment should be reversed. The majority of us, however, vote to affirm.
The procedural facts relating to the appealed issues are not complicated. In July 1999, Taylor sued Hixson Autoplex of Alexandria, Inc., and three of its employees, for specific performance plus damages for breach of a contract to buy and sell a used Ford Explorer. Hixson Autoplex answered the suit on July 29, 1999, denying all allegations. Taylor amended his petition to elaborate on the allegations relating to the individual defendants. The amendment did not affect Hixson. Hixson did not answer the amending petition within fifteen days. Taylor obtained a judgment by default against Hixson Autoplex, and two days later, confirmed it. The default judgment was for $100,000, ordered Hixson Autoplex to transfer ownership of "a black 2000 AWD Ford Explorer Limited fully loaded (including a multidisk CD player and power sunroof)," and ordered Hixson Autoplex to pay all costs of court.
The default judgment was signed on December 3, 1999. One week later, on December 10, 1999, Hixson Autoplex filed a *1284 "Motion to Vacate Judgment." The motion recited that the grounds for vacating the judgment were that the Plaintiffs conduct in obtaining the December 3, 1999 judgment was an ill practice prohibited by Louisiana Code of Civil Procedure Article 2004. Additionally, the motion recited that an answer to the suit had been filed by Hixson Autoplex on July 29, 1999. The motion stated that, in fact, part of the ill practice was Taylor's concealment from the judge who signed the default judgment that the original petition had been answered and that the matter was then progressing in another division of court.
The "Motion to Vacate Judgment" was not immediately heard. It was followed by another rule on March 7, 2000, by Hixson Autoplex styled "Motion to Set Motion to Vacate for Hearing and, In the Alternative, Petition to Annul Judgment." This latter pleading reurged the December 10 motion to vacate judgment, which was still pending, and alternatively, petitioned for an annulment. This latter pleading, as did the original motion to vacate, recited that a judgment by default had been taken after an answer was filed and that there was an ill practice. This pleading made the additional allegation that the evidence offered at confirmation was insufficient. The March 7 pleading again prayed for judgment annulling the default judgment.
Taylor opposed the motions to vacate and, arguing that Hixson's only remedy from the December 3 default judgment was by appeal, pleaded the declinatory exception of lack of subject matter jurisdiction. The trial judge, after a hearing, denied the declinatory exception.
The court then rendered judgment vacating and annulling the December 3, 1999 default judgment. In written reasons for judgment the trial judge itemized the twenty-six procedural events that had taken place since the suit was filed, then went to the heart of the matter and stated that the issue was whether the December 3, 1999 confirmation of default was valid. Concluding that it was not, the judge gave several reasons: the evidence at confirmation was inadequate; an answer had been filed before entry of default; and Taylor was guilty of an ill practice. The judge did not specify whether his decision as to nullity was based on the absolute nullity of Article 2002 of the Code of Civil Procedure, the relative nullity provisions of Article 2004, or both. He cited both articles. On April 12, 2000, he signed a judgment nullifying the confirmation of default.
It is this judgment that Taylor appeals. His serious assignments of error are three: (1) the trial judge erred in finding the default judgment absolutely null under Article 2002(A)(2); (2) the judge erred in allowing the judgment to be attacked for ill practices in summary proceedings; and (3) the judgment was rendered after the delays for a new trial and an appeal had expired.
In support of these assignments the dissenting judge on this panel construes the motion to vacate as exclusively based on allegations of ill practices. Reasoning that an attempt to nullify a judgment for ill practices must be brought, not in a motion but in an ordinary proceeding, the dissenting member of the panel concludes that the trial judge was without subject matter jurisdiction to nullify the judgment based on ill practices. He believes that Hixson Autoplex had only three available options, viz., it could have utilized an ordinary proceeding in an attempt to annul the judgment; it could have appealed the confirmation for sufficiency of evidence; or, it could have timely applied for a new trial. Believing that none of these options were properly pursued, our dissenting colleague believes that the default judgment of December 3 became final. Our dissenting *1285 colleague notes that in its pleading styled "Motion to Set Motion to Vacate for Hearing and, In the Alternative, Petition to Annul Judgment," Hixson Autoplex properly pleaded an annulment action by petition, but because he believes that the trial judge did not consider the alternative petition, he would reverse the judgment annulling the December 3 confirmation of default and remand so that the trial judge can take up the issue on the Petition to Annul Judgment.

OPINION
It is the opinion of the majority that the judgment of the trial court nullifying the December 3, 1999 default judgment should be affirmed. The motion to vacate the December 3 judgment can be reasonably construed as a pleading seeking to nullify the judgment for its absolute nullity. Because the absolute nullity of the judgment is patent on the face of the record, Hixson Autoplex was not required to bring a direct action to nullify it, but could proceed by rule to show cause.
The first rule of construction of the Code of Civil Procedure is Article 5051. It requires that the articles of the Code be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves. The Code also tells us that when we are construing pleadings in an ordinary proceeding, "Every pleading shall be so construed as to do substantial justice." La.Code Civ.P. art. 865. Louisiana Code of Civil Procedure Article 2596 makes the rules governing ordinary proceedings generally applicable to summary proceedings. The rule of construction applicable to the relief we grant under the pleadings, Louisiana Code of Civil Procedure Article 862, states: "Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief." (The exception, Louisiana Code of Civil Procedure Article 1703, limits the scope of a judgment that may be rendered in a judgment by default.) The enactors of the Code, to emphasize our duty to heed these rules at the appellate level, require us to render any judgment which is just, legal, and proper upon the record on appeal. La.Code Civ.P. art. 2164.
We should construe pleadings expansively, according to our supreme court, and heed Article 865's command to construe all pleadings so as to do substantial justice. McClelland v. State Nat. Life Ins., 94-2123 (La.11/18/94); 646 So.2d 309. As long as the facts constituting a claim are alleged, the party may be granted any relief to which he is entitled under the pleadings and the evidence; the "theory of the case" doctrine, under which a party must select a theory of his case or defense and adhere to it throughout the litigation, has been abolished. First South Prod. Credit v. Georgia-Pacific, 585 So.2d 545 (La.1991). Pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice. Kuebler v. Martin, 578 So.2d 113 (La.1991).
All five intermediate appellate courts in Louisiana have recognized and applied these rules of construction. Recovery may be granted under any legal theory justified by the facts pled in the petition. Insurance Storage Pool v. Parish Nat. Bank, 97-2757 (La.App. 1 Cir. 5/14/99); 732 So.2d 815. Pursuant to the mandate of Article 865, the third circuit has construed a motion to modify a judgment as a motion for a new trial. Town of Vinton v. Sonnier, 98-676 (La.App. 3 Cir. 10/28/98); 721 So.2d 992; writ denied, 98-2972 *1286 (La.1/29/99); 736 So.2d 836; Watson v. Nelson, 97-474 (La.App. 3 Cir. 10/29/97); 702 So.2d 1002, writ denied, 97-2958 (La.2/6/98); 709 So.2d 738. No technical form of pleading is required, and all pleadings must be reasonably construed so as to afford litigants their day in court. Humphrey v. Robertson, 97-1742 (La.App. 4 Cir. 3/11/98); 709 So.2d 333. In Brown v. Big Star of Bastrop, 26,965 (La.App. 2 Cir. 5/10/95); 655 So.2d 579, appeal after remand, 31,530 (La.App. 2 Cir. 1/29/99); 728 So.2d 541, a disputed claim for compensation was treated as a petition to modify judgment. The precise theory of the case need not be expressed in the pleadings; recovery may be granted under any legal theory justified by the facts pled in the petition. Gisclair v. Matmoor, Inc., 537 So.2d 876 (La.App. 5 Cir.), writ denied, 541 So.2d 901 (La.1989).
All of us agree in the present case that the trial judge was procedurally barred from ruling on the motion to vacate insofar as that motion urged nullity for an ill practice. Also, we note that the judge did not consider the "Petition to Annul Judgment" as an ordinary proceeding, because that pleading, filed March 7, 2000, was treated as a summary matter (it was set for hearing as a rule on March 13, 2000). However, the majority of us believe that the judge did not err procedurally when he treated the motion to vacate as an attack on the judgment under Article 2002(A)(2), nor did he err legally when he found the judgment to be absolutely null.
The basis for finding a judgment absolutely null is found in Article 2002, which reads:
A. A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law.
(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
(3) By a court which does not have jurisdiction over the subject matter of the suit.
B. Except as otherwise provided in Article 2003, an action to annul a judgment on the grounds listed in this Article may be brought at any time.
Absolutely null judgments may be attacked collaterally when based on defects patent on the face of the record. Nethken v. Nethken, 307 So.2d 563 (La. 1975). When a judgment is absolutely null based on a jurisdictional ground, it has no legal existence, and its nullity may be shown in collateral proceedings at any time and before any court. Tannehill v. Tannehill, 226 So.2d 185 (La.App. 3 Cir. 1969), writ refused, 254 La. 930, 228 So.2d 485 (1969), appeal after remand, 247 So.2d 870 (La.App. 3 Cir.), writ granted, 259 La. 74, 249 So.2d 208 (1971), affirmed, 261 La. 933, 261 So.2d 619 (1972). Absolutely void judgments are not subject to the venue and delay requirements of the action of nullity. Id. Comment (e) of Article 2002 states that the action of nullity may be asserted collaterally and at any time.
Motions (rules to show cause) can be the vehicle for bringing before the court a demand for the absolute nullity of a judgment. If a default judgment is an absolute nullity for defects patent on the face of the proceedings leading up to it, it may be attacked at any time, at any place, by rule or by any other method where the validity of such a judgment is asserted. In re Succession of Moore, 97-1668, 97-1669 (La.App. 4 Cir. 4/1/98); 737 So.2d 749, writ denied, 99-0781 (La.4/30/99); 743 So.2d 207. An absolutely null judgment may be attacked collaterally, at any time, *1287 by rule [a summary proceeding] or by any other method. Hebert v. Hebert, 96-2155 (La.App. 1 Cir. 9/19/97); 700 So.2d 958. In Barnett Marine, Inc. v. Van Den Adel, 96-1029 (La.App. 5 Cir. 4/9/97); 694 So.2d 453, writ denied, 97-1236 (La.9/26/97); 701 So.2d 983, a motion to annul a default judgment was granted and affirmed because the judgment sought to be annulled was an absolute nullity. Our own circuit in American Bank & Trust Co. v. Marbane Inves., Inc., 337 So.2d 1209 (La.App. 3 Cir.1976), has stated that if the nullity of a judgment is patent on the face of the record, a party attacking the judgment is not required to bring a direct action to obtain the declaration of nullity, but may proceed by rule to show cause.
We are aware of Ancelet v. Russell Stutes Const., 96-524 (La.App. 3 Cir. 4/16/97); 693 So.2d 231. That case states the rule that "an action for nullity of judgment must be instituted as an ordinary proceeding and requires citation and service upon the opposing parties." Id. at 232. The context facts of that case make it clear that the stated rule was not meant to apply to absolutely null judgments. The opinion in Ancelet and its footnotes make it clear that any possible right of Ancelet to obtain modification of the judgment he was seeking to annul would require evidence; his right to relief was not patent on the face of the record; hence, a direct action, requiring citation and service, was mandated. Ancelet cited Willis v. Travelers Ins. Co., 545 So.2d 721 (La. App. 3 Cir.1989), a writ review which relied upon Veillon v. Veillon, 517 So.2d 936 (La.App. 3 Cir.), writ denied, 519 So.2d 105 (La.1987). In Veillon, this court reversed the trial court's denial of a new trial but affirmed the trial court's dismissal of a rule to show cause why the judgment should not be annulled. However, our reversal on appeal of the new trial issue accomplished precisely what the moving party wanted: the judgment sought to be annulled was vacated, based on the evidence at the contradictory hearing of the motion for a new trial, and the appellate court ordered a new trial. It is clear in the Ancelet line of cases that a direct action was required to establish the nullity of the judgment appealed because the nullity was not apparent on the face of the record; a contradictory hearing and the taking of evidence was necessary.
In the present case, an answer was filed by Hixson Autoplex to Plaintiffs petition. Its motion to vacate judgment pleaded that its answer had been filed. Taylor has filed pleadings conceding that an answer was filed. The record contains the answer and the date of its filing. Our law provides that one need only plead to the demand of a plaintiff to avoid the entry of a preliminary judgment of default. La.Code Civ.P. art. 1843. Louisiana Code of Civil Procedure Article 1701 allows entry of a judgment by default only against a defendant who has failed to answer. The "Judgment by Default" referred to in Article 1701 is sometimes referred to as a preliminary default. Hixson Autoplex filed its answer on July 29, 1999, just as the motion to vacate judgment stated and the record discloses. The confirmation of default was taken on December 3, 1999. Article 2002(A)(2) states that a final judgment  in this case the judgment confirming the defaultmay be annulled if it is taken against a defendant against whom a valid judgment by default (meaning the preliminary default) has not been taken. The judgment by default that Article 2002(A)(2) refers to is the Article 1701 judgment by default, not the Article 1702 confirmation of default. A final default judgment obtained without a valid preliminary default is an absolute nullity. Livingston Parish Police Jury v. Patterson, 589 So.2d 9 (La.App. 1 Cir.1991).
*1288 When Taylor confirmed the default on December 3, a valid judgment by default had not been taken against Hixson Autoplex, therefore the confirmation of default judgment was absolutely null under Article 2002(A)(2). The invalidity is patent on the face of the record. Although the motion to vacate the judgment was ostensibly based on the relative nullity provisions of Article 2004, the body of the motion twice stated the fact that an answer had been filed before the default judgment, giving dates, and the prayer for relief asked that the judgment be vacated. In its reasons for judgment the trial court stated that the motion to vacate judgment contained allegations that an answer had been filed, and that exceptions had been filed which squarely raised the issue of the validity of the judgment by default under Article 2002 of the Code of Civil Procedure. The trial judge added that even though Defendant sought relief under Article 2004, the necessary allegations of an answer having been filed raised the issue of the validity of the judgment.
For the above reasons, the majority finds that the trial court could properly find in a summary proceeding that the judgment of December 3 was an absolute nullity, and we affirm the judgment for that reason.
We agree with the Appellant that the judgment could not be attacked for ill practices in summary proceedings. An action for nullity of a final judgment alleging fraud or ill practices pursuant to Article 2004 must be brought in an ordinary proceeding; there is no authority in law to bring such an action in a summary proceeding. LeGlue Buick, Inc. v. Smith, 390 So.2d 262 (La.App. 3 Cir.1980); Roach v. Pearl, 95-1573 (La.App. 1 Cir. 5/10/96); 673 So.2d 691.
We also agree with the Appellant that a failure of proof on confirmation of default must be raised in a motion for new trial or by appeal and may not be raised by an action for nullity. National Income Realty Trust v. Paddie, 98-2063 (La.7/2/99); 737 So.2d 1270. The trial judge alternatively construed the motions to vacate as a motion for a new trial and found the confirmation of default judgment invalid for the additional reason that the proof requirements of Article 1702(B)(1) had not been met. Because we are affirming the trial court's ruling on the basis of absolute nullity, it is not necessary that we address Appellant's contentions regarding the new trial and sufficiency of proof issues.
The long and the short of it is the judgment of December 3 is null. The Code of Civil Procedure and the jurisprudence direct us to the proper procedural mechanisms and the substantive law to make that determination. The trial judge applied the law and reached a conclusion which we find was correct. We affirm. Appellant will pay costs of this appeal.
We remand the matter for Mr. Taylor to pursue his case on the main demand.
AFFIRMED AND REMANDED.
AMY, J., dissents and assigns reasons.
AMY, J., dissenting.
I respectfully dissent. At the outset of my discussion of this matter, I point out that this matter is marred by procedural difficulties, many of which are created by the plaintiff's actions in his self-representation. The irregularities created by this representation are evident from both the transcript of the hearing on the motions and in the trial court's reasons for ruling. In this restatement of this difficult background, I note the situation begun by the plaintiff became increasingly problematic as the confirmation of default judgment *1289 was presented to a judge other than the one assigned to the ongoing case. For reasons not apparent in the record, the motion which was not supported with evidence but accompanied with a certification that no answer had been filed, was granted. Again, further entangling matters, a motion to vacate was presented to the judge who had entered the default judgment. It too was signed, but was signed in an ex parte proceeding. It is this proceeding that was found to be in error and discussed by the trial judge whose ruling is reviewed today. He explained that the granting of the motion to vacate was null because of its ex parte nature. The trial court reasoned, therefore, that the motion to vacate was substantively a motion for new trial and, because the default judgment was insufficiently supported, a reversal of the default judgment was required.
Having set this forth, I turn to the question of whether the trial court's treatment of this problem is supported by the record and the law. It is my opinion that many of the trial court's factual determinations may not have been erroneous, but I find that, procedurally, it was without subject matter jurisdiction to act as it did.
Several articles in the Louisiana Code of Civil Procedure set forth the guidelines for nullity actions, with Article 2001 indicating that "[t]he nullity of a final judgment may be demanded for vices of either form or substance...." Pertinent to this discussion as it factored into the trial court's reasons for ruling, is Article 2002, which provides:
A. A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law.
(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
(3) By a court which does not have jurisdiction over the subject matter of the suit.
B. Except as otherwise provided in Article 2003, an action to annul a judgment on the grounds listed in this Article may be brought at any time.
Finally, the Code of Civil Procedure makes specific provision for annulment due to fraud or ill practices, as follows:
Art.2004. Annulment for vices of substance; peremption of action
A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
The December 3, 1999 confirmation of the default judgment is critical to review of the subsequent actions taken by the parties as well as the court. Following this point, the defendant sought to attack the default judgment and did so on December 10 with the Motion to Vacate Judgment. This motion, which was presented to the trial judge that granted the default judgment and signed in ex parte proceedings, clearly sought to vacate the judgment due to an allegation of ill practices. It is well-settled that an attempt to nullify a judgment for ill practices must be brought, not in a motion as it was here, but in an ordinary proceeding. See Verret v. State Farm Mut. Auto. Ins. Co., 99-1250 (La.App. 3 Cir. 2/2/00); 759 So.2d 115, writs denied, 00-0673 (La.4/20/00); 760 So.2d 1159, 00-690 (La.4/20/00); 761 So.2d 535. See Comment (d) of La.Code Civ.P. art.2004. See also MARAIST AND LEMMON, 1 LOUISIANA CIVIL LAW TREATISE, CIVIL PROCEDURE, § 12.6 (1999). Since the motion to vacate for ill practices was not *1290 brought in an ordinary proceeding, it was not before the court in proper posture. Accordingly, the court was without subject matter jurisdiction to nullify the judgment based on ill practices, the only ground on which the motion to vacate was based.
As was expressed in Verret, 99-1250; 759 So.2d 115, several options were available to the defendant at the time of the default judgment. First, the defendant could have utilized an ordinary proceeding in an attempt to annul the judgment. Next, the sufficiency of the evidence used in support of the default judgment could have been reviewed if appeal was taken. See National Income Realty Trust v. Paddie, 98-2063 (La.7/2/99); 737 So.2d 1270. Further, a new trial could have been applied for under La.Code Civ.P. arts.1972 or 1973. The defendant did not avail itself of any of these options.
Rather, at the time of the confirmation of default judgment, the defendant filed only the Motion to Vacate Judgment. As in Verret, the trial court was without subject matter jurisdiction to grant the motion to vacate. The appellate delays ran without any action to prevent its lapse. It became a final judgment from which no appeal was taken. While there were many filings following the judgment, there were none that prevented the judgment from becoming final.
In an attempt to rectify what was clearly an irregular default judgment taken from similarly irregular proceedings, the trial court whose judgment we review today first observed that the motion to vacate was improperly signed in an ex parte proceeding. However, the matter once again proceeded off track when the court went on to conclude that the motion to vacate filed December 10 was substantively a motion for new trial. If treated as such, it was obviously timely and would provide an opportunity for review of the default judgment. As pointed out by the trial court, it is the substance of a pleading that dictates the court's treatment of it, not its caption. See La.Code Civ.P. art. 865; Thompson v. Harrington, 99-571 (La.App. 3 Cir. 10/13/99); 746 So.2d 652. However, review of the motion reveals error in the trial court's determination that it was substantively one seeking a new trial. Rather, it was clearly seeking an annulment of the judgment for ill practices.[1] As annulment *1291 for ill practices is a distinct pleading and this one clearly sought only that, it is improper to view it as a motion for new trial. Again, while ill practices may have been present, the issue was not raised in an ordinary proceeding as required by law. Thus, any remedy under Article 2004, based on this motion, was improper.
Furthermore, in its written reasons, the trial court referenced the availability of Article 2002 because of insufficient evidence and improper procedural posture. Again, while possibly subject to nullification under Article 2002, the Motion to Vacate Judgement was not based on the specifically enumerated basis for annulment of Article 2002. The motion, which specifically described ill practices, was inadequate to preserve it for review on this basis. Although Comment (e) to La.Code Civ.P. art.2002 indicates that "an action of nullity based on any of the grounds enumerated may be raised collaterally and at any time[,]" the action for nullity filed by the defendant, the Motion to Vacate Judgment, was not based on any of the grounds enumerated in Article 2002. Instead, it is based on ill practices, a ground specifically provided for in Article 2004. Furthermore, I also point out the existence of apparently contradictory jurisprudence indicating that an attempt to annul a judgment pursuant to La.Code Civ.P. art.2002 must also be brought by "ordinary proceedings and requires citation and service upon the opposing parties." Ancelet v. Russell Stutes Const., 96-524, p. 3 (La. App. 3 Cir. 4/16/97); 693 So.2d 231, 232. As the options for review were not pursued, the default judgment of December 3 became final. No appeal was taken.
Notwithstanding my finding regarding the finality of the default judgment, I observe that the defendant later filed a Motion to Set Motion to Vacate for Hearing and, In the Alternative, Petition to Annul Judgment. While the arguments regarding the defendant's "reurging" of the motion to vacate were not properly before the court as the judgment was final, the defendant alternatively filed the Petition to Annul Judgment. As I explained above, an action for nullity based on ill practices is properly brought by ordinary proceedings. Further, the defendant's petition was filed within "one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices." La.Code Civ.P. art.2004. Accordingly, the trial court could properly consider an annulment for ill practices pursuant to this petition. However, as I stated above, the trial court's focus was on the Motion to Vacate Judgment. Therefore, as the trial court never considered the alternative petition filed on March 7, 2000, I would remand for proceedings on the Petition to Annul Judgment.
For these reasons, I dissent.
NOTES
[1] The motion filed on December 10 is as follows:

MOTION TO VACATE JUDGMENT
NOW INTO COURT, through undersigned counsel, comes defendant herein, Hixson Autoplex of Alexandria, Inc., who moves the Court to vacate the Judgment entered against defendant on December 3, 1999, a copy of which is attached as Exhibit "A," in accordance with LSA-C .C.P. art. 2004, on the grounds as follows:
1.
Plaintiff filed his original petition on July 12, 1999, naming as defendants Hixson Autoplex of Alexandria, Inc., and four (4) employees. The matter was assigned to Division "D" the Honorable W. Ross Foote, presiding. On July 29, 1999, an Answer was filed by the undersigned on behalf of Hixson Autoplex of Alexandria, Inc., and an Exception was filed on behalf of the individual defendants.
2.
On October 4, 1999, plaintiff filed an Amended Petition alleging additional facts relative to the claims against the individual defendants, but asserting no additional facts or claims relative to the defendant corporation.
3.
Judge Foote sustained the Exceptions on November 22, 1999, dismissing plaintiff's claims against the individual defendants.
4.
Unbeknownst to the undersigned, plaintiff entered a Default Judgment against the corporation on the Amended Petition which had asserted no claims against the corporation beyond those previously asserted in the original Petition.
5.
Unbeknownst to the undersigned and to Judge Foote, plaintiff appeared in open court on December 3, 1999, before the Honorable Donald T. Johnson, and obtained a confirmation of default, deliberately concealing from Judge Johnson the fact that the original Petition had been answered by the corporation and that the matter was currently progressing in Division D.
6.
Plaintiff's conduct in obtaining the Default Judgment clearly amounts to an ill practice as prohibited by Louisiana Code of Civil Procedure article 2004. See e.g., Russell v. Illinois Central Gulf Railroad, 686 So.2d 817 (La.1997)(Obtaining default judgment against defendant without notifying opposing counsel during an ongoing action was an "ill practice" which justified vacating the default judgment.).
WHEREFORE, defendant, Hixson Autoplex of Alexandria, Inc., respectfully requests an Order vacating the Judgement of December 3, 1999.