# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 23-688


**SUCCESSION OF**

**MARY GRACE GREEN BURLEY**



**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 53289
HONORABLE KATHY A. JOHNSON, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

### SHANNON J. GREMILLION
### JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, D. Kent Savoie, and Wilbur L. Stiles, Judges.


**AFFIRMED.**

**Paul H. Benoist**
**Benoist Law Offices**
**P. O. Box 937**
**Vidalia, LA 71373-0937**
**(601) 445-4148**
**COUNSEL FOR APPELLEES:**
**Marion Verlyn Burley, Jr.**
**Gregory Paul Burley**
**William Enos Burley**

**Paul A. Lemke, III**
**Owens & Lemke, Inc.**
**P. O. Box 595**
**Harrisonburg, LA 71340**
**(318) 744-5431**
**COUNSEL FOR APPELLANTS:**
**Rita Young**
**Beverly Brown**
**Judy Porco**

**GREMILLION, Judge.**

Six siblings were named legatees in their mother, Mary Grace Green Burley's, testament. Sisters-appellants, Beverly Brown, Rita Young, and Judy Porco, appeal the summary judgment granted in favor of the brothers-appellees, Marion Verlyn Burley, Jr., Willaim Enos Burley, and Gregory Paul Burley, relating to succession proceedings. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Mary Grace died testate on November 5, 2020. A Petition for Probate of Statutory Testament was filed on February 26, 2021. Although the petition states it is the petition of Mary Grace Green Burley, the attached affidavit states that the petitioner is Beverly. The Last Will and Testament of Mary Grace Green Burley bequeaths significant immovable property to her six children along with a vehicle to Shellie Ray Burley. It appointed Rita and Beverly as co-independent executrices. An order of probate was signed on March 2, 2021.

On June 9, 2022, Beverly alone filed a petition for judgment of possession. A judgment of possession was granted that same day. The record is completely devoid of service upon any of the legatees. The brothers had no notice or knowledge of the filing; they were never served, never made a general appearance, nor waived or submitted to the jurisdiction of the court.[1]

On June 14, 2023, the brothers filed a "Motion for Summary Judgment to Nullify Judgment of Possession Under La. Code Civ.P. Art. 966.E on Particular Legal Issue." The motion urged that Beverly's pleadings were defective on their

---

[1] Although not in the record, both parties' briefs report that initially on August 10, 2022, Marion individually filed a petition to annul a judgment of possession against the sisters, his two brothers, and Shellie Burley, a relative. However, his two brothers later joined in the June 14, 2023 motion for summary judgment.

face under La.Code Civ.P. art. 3031 and the judgment of possession entered was, therefore, null. The motion prayed for "a final judgment by this Court in [the brothers'] favor and against Beverly Lynette Burley Brown holding that the Judgment of Possession rendered in the succession proceeding on June 20, 2022, is a nullity." The brothers asserted claims under La.Code Civ.P. art. 2002 relating to absolute nullities (vice of form) and La.Code Civ.P. art. 2004 relating to relative nullities (vice of substance). Attached to the motion was a "Memorandum in Support of Plaintiffs' Motion for Summary Judgment to Nullify Judgment of Possession Under La. Code Civ.P. art. 966.E on particular Legal Issue." A supplemental legal memorandum was filed on June 19, 2023, that listed essential legal elements allegedly entitling movers to summary judgment and essential material facts movers contend were not genuinely disputed. It concluded with:

**Reference to Document Proving Each Fact with Designation**

1. Petition for Judgment of Possession filed by Defendant, Beverly Lynette Burley Brown, on June 9, 2022.

    WHEREFORE, Plaintiffs and Movers, Marion Verlyn Burley, Jr., Gregory Paul Burley, and William Enos Burley pray for a final judgment holding that the Judgment of Possession rendered hereinbelow in the succession proceeding on June 20, 2022, is null, and for costs and attorney's fees under La.Code Civ.P. Art. 2004 C.

The sisters opposed the motion and "disput[ed] all the material issues of fact listed by the plaintiffs as undisputed facts with [the] exception that the parties in this action are co-owners of property in Concordia and Catahoula Parish." The brothers filed a reply memorandum asserting there was only one material fact at issue, i.e., whether the requirements of La.Code Civ.P. art. 3031 were met. Following a July 20, 2023 hearing on the motion for summary judgment to nullify the judgment of possession, the trial court granted the motion and annulled the June 9, 2022 judgment

2

of possession. It rendered a written judgment of nullity on August 2, 2023, but did not provide written reasons. However, at the hearing on the motion, the trial court stated:

> And under [La.Code Civ.P. art.] 3031, it states all the legatees would have to join in before I should have placed them in possession. All of the legatees did not join in. In looking at the face of the petition, I can see that. Therefore, I am going to find that the judgment placing them all in possession is not correct and I'm going to grant a Judgment of Nullity in this particular matter.

The sisters timely appealed and assign as error:

1. The trial court abused its discretion in this action by granting a summary judgment when nothing was submitted in support of the motion filed by the Burley brothers other than the memorandum brief of the Burley brothers.

2. The trial court abused its discretion in granting a summary judgment when less than all the party defendants had been [sic] served with the motion and afforded an opportunity to respond to the motion.

## DISCUSSION

The sisters argue there was no supporting evidence attached to the motion for summary judgment. They also argue the judgment affected the rights of Shellie Burley without giving her notice of the motion for summary judgment or an opportunity to respond.

Louisiana Code Civil Procedure Article 966 was recently amended on August 1, 2023, and states in pertinent part (emphasis added):

> A. (1) A party may move for a summary judgment for all or part of the relief for which he has prayed. A plaintiff's motion may be filed at any time after the answer has been filed. A defendant's motion may be filed at any time.

> (2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.

3

(3) After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.

(4)(a) The only documents that may be filed *or referenced* in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, certified copies of public documents or public records, certified copies of insurance policies, authentic acts, private acts duly acknowledged, promissory notes and assignments thereof, written stipulations, and admissions. The court may permit documents to be filed in any electronically stored format authorized by court rules or approved by the clerk of the court.

(b) *Any document listed in Subsubparagraph (a) of this Subparagraph previously filed into the record of the cause may be specifically referenced and considered in support of or in opposition to a motion for summary judgment by listing with the motion or opposition the document by title and date of filing.* The party shall concurrently with the filing of the motion or opposition furnish to the court and the opposing party a copy of the entire document with the pertinent part designated and the filing information.

The judgment of nullity is based on the failure of the June 20, 2022 Judgment of Possession to conform with the requirement of La.Code Civ.P. art. 3031, which states in part (emphasis added):

A. When a testament has been probated or given the effect of probate, and subject to the provisions of Article 3033, the court may send all of the legatees into possession of their respective legacies without an administration of the succession, *on the ex parte petition of all of the general and universal legatees*, if each of them is either competent or is acting through a qualified legal representative, *and each of them accepts the succession*, and none of the creditors of the succession has demanded its administration.

Louisiana Code of Civil Procedure Article 6 requires that a party either be served or waive citation and service for a court to render a judgment affecting their rights.

4

The brothers note that "This single material fact, a defective petition, borne out by Plaintiffs, entitled them to summary judgment as a matter of law, and dispenses with all of the other protestations and delays of Defendants-Appellants."

The sisters' argument rests entirely on the procedural issue of whether the motion for summary judgment had supporting documents attached to it as required by the version of La.Code Civ.P. art. 966(A)(4)(a) in effect at the time of the judgment. The "or referenced" portion of La.Code Civ.P. art. 966A(4) was effective August 1, 2023, and notably no longer requires reproduction of documents that may be referenced in the record such as the pleadings in question. Regardless, we find the issue of the supporting documents required in a summary judgment motion is not dispositive in this matter. The motion, though partially styled as a motion for summary judgment, was essentially a motion to annul the ex parte judgment of possession. The trial court granted a judgment of nullity. Although not expressly stated, the trial court's reasoning indicates it based the grounds of nullity on La.Code Civ.P. art. 2002, a vice of form. We have addressed a similar issue construing a motion to vacate as a pleading to nullify a judgment for an absolute nullity in *Taylor v. Hixson Autoplex of Alexandria, Inc.*, 00-1096 (La.App. 3 Cir. 3/28/01), 781 So.2d 1282, *cert. denied*, 535 U.S. 1101, 122 S.Ct. 2303 (5/28/02). In *Taylor,* we addressed why the law supports that conclusion related to an absolutely null judgment:

> The first rule of construction of the Code of Civil Procedure is Article 5051. It requires that the articles of the Code be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves. The Code also tells us that when we are construing pleadings in an ordinary proceeding, "Every pleading shall be so construed as to do substantial justice." La.Code Civ.P. art. 865. Louisiana Code of Civil Procedure Article 2596 makes the rules governing ordinary proceedings generally applicable to summary proceedings. The rule of construction applicable

5

to the relief we grant under the pleadings, Louisiana Code of Civil Procedure Article 862, states: "Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief." (The exception, Louisiana Code of Civil Procedure Article 1703, limits the scope of a judgment that may be rendered in a judgment by default.) The enactors of the Code, to emphasize our duty to heed these rules at the appellate level, require us to render any judgment which is just, legal, and proper upon the record on appeal. La.Code Civ.P. art. 2164.

We should construe pleadings expansively, according to our supreme court, and heed Article 865's command to construe all pleadings so as to do substantial justice. *McClelland v. State Nat. Life Ins.*, 94–2123 (La.11/18/94); 646 So.2d 309. As long as the facts constituting a claim are alleged, the party may be granted any relief to which he is entitled under the pleadings and the evidence; the "theory of the case" doctrine, under which a party must select a theory of his case or defense and adhere to it throughout the litigation, has been abolished. *First South Prod. Credit v. Georgia–Pacific*, 585 So.2d 545 (La.1991). Pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice. *Kuebler v. Martin*, 578 So.2d 113 (La.1991).

All five intermediate appellate courts in Louisiana have recognized and applied these rules of construction. Recovery may be granted under any legal theory justified by the facts pled in the petition. *Insurance Storage Pool v. Parish Nat. Bank*, 97–2757 (La.App. 1 Cir. 5/14/99); 732 So.2d 815. Pursuant to the mandate of Article 865, the third circuit has construed a motion to modify a judgment as a motion for a new trial. Town of *Vinton v. Sonnier*, 98–676 (La.App. 3 Cir. 10/28/98); 721 So.2d 992; *writ denied*, 1286 98–2972 (La.1/29/99); 736 So.2d 836; *Watson v. Nelson*, 97–474 (La.App. 3 Cir. 10/29/97); 702 So.2d 1002, *writ denied*, 97–2958 (La.2/6/98); 709 So.2d 738. No technical form of pleading is required, and all pleadings must be reasonably construed so as to afford litigants their day in court. *Humphrey v. Robertson*, 97–1742 (La.App. 4 Cir. 3/11/98); 709 So.2d 333. In *Brown v. Big Star of Bastrop*, 26,965 (La.App. 2 Cir. 5/10/95); 655 So.2d 579, *appeal after remand*, 31,530 (La.App. 2 Cir. 1/29/99); 728 So.2d 541, a disputed claim for compensation was treated as a petition to modify judgment. The precise theory of the case need not be expressed in the pleadings; recovery may be granted under any legal theory justified by the facts pled in the petition. *Gisclair v. Matmoor, Inc.*, 537 So.2d 876 (La.App. 5 Cir.), *writ denied*, 541 So.2d 901 (La.1989).

All of us agree in the present case that the trial judge was procedurally barred from ruling on the motion to vacate insofar as that

motion urged nullity for an ill practice. Also, we note that the judge did not consider the "Petition to Annul Judgment" as an ordinary proceeding, because that pleading, filed March 7, 2000, was treated as a summary matter (it was set for hearing as a rule on March 13, 2000). *However, the majority of us believe that the judge did not err procedurally when he treated the motion to vacate as an attack on the judgment under Article 2002(A)(2), nor did he err legally when he found the judgment to be absolutely null.*

The basis for finding a judgment absolutely null is found in Article 2002, which reads:

> A. A final judgment shall be annulled if it is rendered:
>
> (1) Against an incompetent person not represented as required by law.
>
> (2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
>
> (3) By a court which does not have jurisdiction over the subject matter of the suit.
>
> B. Except as otherwise provided in Article 2003, an action to annul a judgment on the grounds listed in this Article may be brought at any time.

*Absolutely null judgments may be attacked collaterally when based on defects patent on the face of the record. Nethken v. Nethken*, 307 So.2d 563 (La.1975). When a judgment is absolutely null based on a jurisdictional ground, it has no legal existence, and its nullity may be shown in collateral proceedings at any time and before any court. *Tannehill v. Tannehill*, 226 So.2d 185 (La.App. 3 Cir.1969), *writ refused*, 254 La. 930, 228 So.2d 485 (1969), *appeal after remand*, 247 So.2d 870 (La.App. 3 Cir.), *writ granted*, 259 La. 74, 249 So.2d 208 (1971), *affirmed*, 261 La. 933, 261 So.2d 619 (1972). Absolutely void judgments are not subject to the venue and delay requirements of the action of nullity. *Id.* Comment (e) of Article 2002 states that the action of nullity may be asserted collaterally and at any time.

*Motions (rules to show cause) can be the vehicle for bringing before the court a demand for the absolute nullity of a judgment.* If a default judgment *is an absolute nullity for defects patent on the face of the proceedings leading up to it, it may be attacked at any time, at any*

*place, by rule or by any other method where the validity of such a judgment is asserted. In re Succession of Moore*, 97–1668, 97–1669 (La.App. 4 Cir. 4/1/98); 737 So.2d 749, *writ denied*, 99–0781 (La.4/30/99); 743 So.2d 207. *An absolutely null judgment may be attacked collaterally, at any time, by rule [a summary proceeding] or by any other method. Hebert v. Hebert*, 96–2155 (La.App. 1 Cir. 9/19/97); 700 So.2d 958. In *Barnett Marine, Inc. v. Van Den Adel*, 96–1029 (La.App. 5 Cir. 4/9/97); 694 So.2d 453, *writ denied*, 97–1236 (La.9/26/97); 701 So.2d 983, a motion to annul a default judgment was granted and affirmed because the judgment sought to be annulled was an absolute nullity. Our own circuit in *American Bank & Trust Co. v. Marbane Inves., Inc.*, 337 So.2d 1209 (La.App. 3 Cir.1976), *has stated that if the nullity of a judgment is patent on the face of the record, a party attacking the judgment is not required to bring a direct action to obtain the declaration of nullity, but may proceed by rule to show cause.*

We are aware of *Ancelet v. Russell Stutes Const.*, 96–524 (La.App. 3 Cir. 4/16/97); 693 So.2d 231. That case states the rule that "an action for nullity of judgment must be instituted as an ordinary proceeding and requires citation and service upon the opposing parties." *Id.* at 232. The context facts of that case make it clear that the stated rule *was not meant to apply to absolutely null judgments*. The opinion in *Ancelet* and its footnotes make it clear that any possible right of *Ancelet* to obtain modification of the judgment he was seeking to annul would require evidence; his right to relief *was not patent on the face of the record; hence, a direct action, requiring citation and service, was mandated. Ancelet* cited *Willis v. Travelers Ins. Co.*, 545 So.2d 721 (La.App. 3 Cir.1989), a writ review which relied upon *Veillon v. Veillon*, 517 So.2d 936 (La.App. 3 Cir.), *writ denied*, 519 So.2d 105 (La.1987). In *Veillon*, this court reversed the trial court's denial of a new trial but affirmed the trial court's dismissal of a rule to show cause why the judgment should not be annulled. However, our reversal on appeal of the new trial issue accomplished precisely what the moving party wanted: the judgment sought to be annulled was vacated, based on the evidence at the contradictory hearing of the motion for a new trial, and the appellate court ordered a new trial. *It is clear in the Ancelet line of cases that a direct action was required to establish the nullity of the judgment appealed because the nullity was not apparent on the face of the record; a contradictory hearing and the taking of evidence was necessary.*

*Id.* at 1285-87 (emphasis added).

As the defect of form was apparent on the face of the pleadings, the absolute nullity of the judgment will not be defeated by the former rule applicable to the documents required to be attached to a motion for summary judgment. Even named

8

legatees in the judgment of possession, as is the case here, can have a cause of action for absolute nullity when they have not submitted to the jurisdiction of the court and their substantive rights are affected. *See Succession of Scott*, 480 So.2d 1022 (La.App. 5 Cir. 1985).

The brothers' brief additionally references vices of substance pursuant to La.Code Civ.P. art. 2004, which provides the following grounds for annulment:

> A. A final judgment obtained by fraud or ill practices may be annulled.

> B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.

> C. The court may award reasonable attorney fees incurred by the prevailing party in an action to annul.

"A petition to annul a judgment for ill practices where no fraud is alleged or proved does provide a cause of action to set aside an ex parte petition for possession." *Succession of Anderson*, 323 So.2d 827, 831 (La.App. 4 Cir. 1975). Louisiana Code of Civil Procedure Article 2004 encompasses situations involving "improper practice or procedure." *Centurion Cap. Corp. v. Littlefield*, 19-1405 (La.App. 1 Cir. 9/21/20), 314 So.3d 45, 49, *West v. Gajdzik*, 425 So.2d 263 (La.App. 3 Cir. 1982), *writ denied sub nom.*, *West v. Savoie*, 428 So.2d 475 (La.1983). Certainly, failing to give notice to six other legatees in order that they may accept the succession or otherwise assert their legal rights qualifies as an ill practice and a violation of La.Code Civ.P. art. 3031. Nevertheless, because we have found no error in the trial court's finding that the judgment of possession was absolutely null pursuant to La.Code Civ.P. art. 2002, whether the requirements of La.Code Civ.P. art. 2004 have been met is rendered moot. While the brothers' brief raises numerous claims of mishandling of the succession by Beverly, those issues are not before us but illustrate

the reason why an unaccepted ex parte judgment of possession was properly rendered absolutely null by the trial court. Accordingly, the sisters' assignments of error are without merit.

## CONCLUSION

The judgment of the trial court rendering the ex parte judgment of possession null is affirmed. All costs of this appeal are assessed to Beverly Brown.

**AFFIRMED**.